IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMDAS BHANDARI, M.D.,

       Plaintiff,

vs.                                            No. CIV 09-0932 JB/LAM

VHA SOUTHWEST COMMUNITY
HEALTH CORPORATION d/b/a
COMMUNITY HOSPITAL CORPORATION,
and ARTESIA GENERAL HOSPITAL,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Withdraw as Counsel and

Request for 30 Day Stay and Extension of Case Management Schedule/Deadlines, filed March 29,

2010 (Doc. 12).  The Court held a hearing on April 22, 2010.  The primary issues are: (i) whether

the Court should allow Plaintiff Ramdas Bhandari, M.D.'s attorney, Randy Clark, to withdraw as

counsel of record; and (ii) whether the Court should permit a thirty-day extension of time for

Bhandari to respond to the Defendants VHA Southwest Community Health Corporation d/b/a

Community Hospital Corporation and Artesia General Hospital's counterclaims.  The Court will

grant Bhandari's motion in part and deny the motion in part.  Because military service and other

reasons will render Mr. Clark unavailable, the Court will allow Mr. Clark to withdraw as counsel

of record.  The Court will require Mr. Clark to provide notice to the Court and to the Defendants of

Bhandari's address and telephone number.  The Court will also grant a twenty-day extension for

Bhandari to respond to the Defendants' counterclaims.

## PROCEDURAL BACKGROUND

Mr. Clark filed this motion to withdraw on March 29, 2010, representing that Bhandari had consented to the motion and that the Defendants had been advised by telephone of the need to file the motion. See Motion at1. In addition to Mr. Clark seeking to withdraw, the motion requests that the Court stay and/or extend the current case management deadlines by thirty days, including the joint status report due date of April 6, 2010, the scheduling conference of April 8, 2010, and the date by which Bhandari must file an answer or responsive pleading to the Defendants' counterclaims. See Motion at 1.

The Defendants responded on April 9, 2010, arguing that the Court should deny the motion to withdraw, because Mr. Clark did not identify the date on which new counsel intends to commence representing Bhandari in this litigation. See Defendants' Response to Motion to Withdraw as Counsel and Request for 30 Day Stay and Extension of Case Management Schedule/Deadlines at 2, filed April 9, 2010 (Doc. 14). The Defendants argue that it is unclear whether Bhandari intends to proceed pro se indefinitely. See Defendants' Response at 2. The Defendants do not oppose a brief extension of the deadline to answer their counterclaims, but they request that the Court limit the extension to fifteen days after the appearance of new counsel. See Defendants' Response at 2. Attached to the Defendants' response is a record of the electronic-mail correspondence between the parties regarding Mr. Clark's motion to withdraw. In a message sent from Mr. Clark to Paul J. Brown, the Defendants' counsel, dated March 31, 2010, Mr. Clark identified Patrick E. Gonya Jr. of Miami, Florida, as Bhandari's replacement counsel and stated that Mr. Gonya expected to have local counsel shortly. See Defendants' Response Exhibit A at 1, filed April 9, 2010 (Doc. 14-1). Mr. Brown responded in a message to Mr. Clark, sent April 5, 2010, that Mr. Clark should file a motion to substitute counsel which specifically identifies counsel and the date on which

new counsel intends to assume representation, and also indicated that the Defendants would only agree to a fifteen-day extension. See Defendants' Response Exhibit B at 1, filed April 9, 2010 (Doc. 14-2). In his reply in support of Bhandari's motion, Mr. Clark argues that the Defendants did not assert that any prejudice would arise from his withdrawal or from a thirty-day extension of Bhandari's deadlines. See Reply to Defendants' Response (Doc. 14) to Motion to Withdraw as Counsel and Request for 30 Day Stay and Extension of Case Management Schedule/Deadlines (Doc. 12) at 2, filed April 17, 2010 (Doc. 15).

At the hearing, Mr. Clark explained that he will be on military duty this summer for six or eight weeks, and thus believes he is not the best candidate for representing Bhandari at this time. See Transcript of Hearing at 3:22-4:1 (taken April 22, 2010)(Clark)("Tr.").[1] He also noted that some issues have arisen in the attorney-client relationship, and thus the combination of his military duty and those issues has led him to move to withdraw as counsel of record. See id. at 4:3-6 (Clark). Mr. Clark further notified the Court that the last information he was given was that Mr. Gonya, whom Mr. Clark had identified to the Defendants as Bhandari's replacement counsel, is no longer Bhandari's counsel. Mr. Clark believes that Bhandari is actively seeking other replacement counsel, but at the moment is not represented. See id. at 5:7-20 (Clark). William C. Madison, the Defendants' attorney, argued that the Defendants' objection to the motion is grounded in 28 U.S.C. § 1654, which establishes that for a case to go forward, a party must either be pro se or have counsel of record licensed to appear before the court. The objection is also grounded in Local Rule 83.8A, which states that, when a motion to withdraw is filed, counsel must have either the name and address of the substitute attorney or a statement of

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the client's intention to appear pro se, along with the client's address and telephone number. See Tr. at 6:4-22 (Madison). Mr. Madison argued that Mr. Clark and Bhandari have failed to satisfy any of the requirements in the local rules for withdrawal. See Tr. at 6:22-23 (Madison). Mr. Madison argued that the case is languishing. He insists that the Defendants filed their counterclaims on February 26, 2010, and that, although the Defendants agreed to an extension for responding until March 31, 2010, almost sixty days have now passed and there is still no response. See Tr. at 7:8-13 (Madison). Mr. Madison contended that, for the case to move forward, either Bhandari has to be designated as appearing pro se and be responsible for answering the counterclaims, or he needs counsel who is licensed in this court. See Tr. at 7:13-22 (Madison). Mr. Madison represented, however, that he has no problem with allowing Mr. Clark to withdraw, as long as there is some orderly way of proceeding with the case. See Tr. at 8:11-13 (Madison).

## ANALYSIS

Mr. Clark moves the Court to permit him to withdraw from this case, and to grant Bhandari an extension of thirty days to obtain new counsel to respond to the Defendants' counterclaims or for Bhandari to respond pro se. The Defendants are unopposed to Mr. Clark's withdraw on the condition that he first provide the Defendants with notice of either Bhandari's new counsel or of Bhandari's intent to proceed pro se. Rule 83.8 of the United States District Court for the District of New Mexico's Local Rules of Civil Procedure provides that if an attorney seeks to withdraw with an unopposed motion to withdraw, "[t]he motion to withdraw and proposed order must indicate consent of the client represented by the withdrawing attorney and: [(i)] notice of appointment of substitute attorney; or [(ii)] a statement of the client's intention to appear pro se and the client's address and telephone number." D.N.M.LR-Civ. 83.8(a). At the hearing, Mr. Clark explained that Bhandari is actively seeking new counsel, but does not have replacement counsel at this time. The

Court instructed Mr. Clark to submit a notice with Bhandari's contact address and telephone number.  The Court also stated that it would treat the case presently as one involving a pro se plaintiff.  Mr. Madison stated that the Court's solution was acceptable.  See Tr. at 9:11-19 (Court, Madison). Mr. Clark stated that he had no problem with the Court's proposed solution and found it to be fair to everyone involved. See Tr. at 10:10:5-9 (Clark).  The Court will therefore order that Mr. Clark submit a notice indicating Bhandari's address and telephone number.

Regarding Bhandari's request for a stay or extension of the deadlines, the Court is concerned that the case is not progressing and was initially inclined to only grant a fifteen-day extension for Bhandari to respond to the Defendants' counterclaims.   At the hearing, Mr. Clark proposed a twenty-day extension, and Mr. Madison stated that he did not object to a twenty-day extension.  The Court, therefore, orders that Bhandari has twenty days from the date of the hearing -- April 22, 2010 -- to respond to the Defendants' counterclaims.  Because Bhandari is currently proceeding pro se, the Court will enter a referral of the case to the Honorable Lourdes A. Martinez, the United States Magistrate Judge assigned in this matter.

**IT IS ORDERED** that the Motion to Withdraw as Counsel and Request for 30 Day Stay and Extension of Case Management Schedule/Deadlines is granted in part and denied in part.  Randy Clark must file a notice to the Court stating Plaintiff Ramdas Bhandari, M.D.'s address and telephone number.  The Court orders that Bhandari has twenty days from April 22, 2010 to file a response to the Defendants' counterclaims.

        _____
        UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Randy K. Clark
Randy K. Clark, PC
Roswell, New Mexico

> *Attorney for the Plaintiff*

Ramdas Bhandari, M.D.
Miami, Florida

> *Plaintiff Pro Se*

William C Madison
Madison, Harbour & Mroz, P.A.
Albuquerque, New Mexico

-- and --

Mary-Olga Lovett
Paul J. Brown
Greenberg Traurig, LLP
Houston, Texas

> *Attorneys for the Defendants*