## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RAMDAS BHANDARI, M.D.,

       Plaintiff,

vs.                                        No. CIV 09-0932 JB/GBW

VHA SOUTHWEST COMMUNITY HEALTH CORPORATION
d/b/a COMMUNITY HOSPITAL CORPORATION, and
ARTESIA GENERAL HOSPITAL,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff Ramdas Bhandari, M.D.'s request for the Court's intervention to resolve discovery disputes. The Court held a hearing on September 30, 2010. The primary issue is whether the Court should order the Defendants VHA Southwest Community Health Corporation d/b/a Community Hospital Corporation ("CHC") and Artesia General Hospital ("AGH") to amend their responses to Bhandari's interrogatories and requests for production. Because the interrogatories and requests for production seek relevant information, and because most of the Defendants' objections do not have a sound basis in the facts or law of the case, the Court grants in part Bhandari's requests.

## FACTUAL BACKGROUND

Bhandari is an orthopedic surgeon. See First Amended Complaint for: Breach of Contract, Misrepresentation, Retaliatory Discharge, Economic Coercion/Intentional Infliction of Emotional Distress and Related Claims ¶ 1, at 1, filed January 21, 2010 (Doc. 5); Defendants' Original Answer and Counterclaim ¶ 1, at 1, filed February 26, 2010 (Doc. 8)("Answer"). Bhandari alleges that CHC and AGH recruited him to work at the clinic and hospital in Artesia. See Amended Complaint ¶ 10,

at 3.  Bhandari alleges that, based on the Defendants' representations, he agreed to an employment contract.  See Amended Complaint ¶ 16, at 5.  He alleges that, in September 2006, the Defendants unlawfully demanded that he resign.  See Amended Complaint ¶ 28, at 9.

## PROCEDURAL BACKGROUND

Bhandari filed a Complaint on September 24, 2009.  See Complaint for Breach of Contract, Misrepresentation, Retaliatory Discharge, Economic Coercion/Intentional Infliction of Emotional Distress and Related Claims, filed September 24, 2009 (Doc. 1).  He filed his Amended Complaint for: Breach of Contract, Misrepresentation, Retaliatory Discharge, Economic Coercion/Intentional Infliction of Emotional Distress and Related Claims on January 21, 2010.  See Doc. 5. In his Amended Complaint, Bhandari alleges claims for fraudulent and/or negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful termination, retaliatory discharge, and economic coercion/intentional infliction of emotional distress. See Amended Complaint ¶¶ 34-63, at 10-16. The Defendants have filed counter-claims for breach of contract, conversion/theft, defamation/business disparagement, fraud, attorney's fees, and punitive damages.  See Answer ¶¶ 71-99, at 6-11.

On July 15, 2010, Bhandari served interrogatories, and requests for production of documents and tangible things, on the Defendants.  After an agreement for an extension, the Defendants timely served their responses and objections to the requests for production on August 31, 2010, and answers and objections to the interrogatories on September 3, 2010.  On September 22, 2010, Bhandari filed an Unopposed Motion to Extend Deadline for Plaintiff/Counter-Defendant to Seek the Court's Intervention in Resolving Discovery Disputes.  See Unopposed Motion of Plaintiff to Extend Deadline for Plaintiff/Counter-Defendant to Seek the Court's Intervention in Resolving Discovery Disputes, filed September 22, 2010 (Doc. 55)("Motion for an Extension").  Bhandari

attached copies of the discovery responses to his Motion for an Extension as Exhibit 1.

Bhandari believed that the Defendants' discovery responses were insufficient, and the parties conferred on September 8, 2010 to attempt to resolve their disputes as to the discovery responses. See Motion for an Extension ¶ 3, at 2. During the September 8, 2010 conference, the parties came to certain agreements in the attempt to resolve the disputes. See Letter from Adam E. Lyons to Paul J. Brown (dated September 9, 2010), filed September 22, 2010 (Doc. 55-2)(confirming much of the contents of the September 8, 2010 discussion). As part of those discussions, the Defendants agreed to provide revised discovery responses and to produce certain documents by September 10, 2010, at which point Bhandari would be in a position to determine whether the discovery disputes were resolved. See Motion for an Extension ¶ 3, at 2.

The Defendants did not provide the agreed upon revised discovery responses or documents by September 10, 2010. See Letter from Adam E. Lyons to Paul J. Brown (dated September 13, 2010), filed September 22, 2010 (Doc. 55-3). The Defendants' counsel, Paul Brown, told Bhandari's counsel, Adam Lyons, that the Defendants would provide the revised discovery responses and documents by September 17, 2010. See Electronic-mail transmission from Paul Brown to Adam Lyons (dated September 13, 2010), filed September 22, 2010, (Doc. 55-4). As of September 22, 2010, Bhandari had not received the revised discovery responses. See Motion for an Extension ¶ 6, at 2. Bhandari has received some, but not all, of the promised documents. See id. ¶ 6, at 2.

Bhandari filed a Motion for an Extension because allegedly he had until only September 24, 2010, to seek relief regarding the requests for production under rule 37 of the Federal Rules of Civil Procedure, and until September 27, 2010, to seek relief under rule 37.1 of the District of New Mexico Local Rules. See ¶ 7, at 2. Bhardari believed that the extension of time might allow the

parties to resolve the disputes without the Court's involvement.  The parties were unable, however, to resolve the disputes.  Bhardari asked for the Court's intervention to resolve the discovery disputes.

At the hearing, Mr. Brown stated that he would provide Bhandari's counsel with the Defendants' revised responses to interrogatories by October 1, 2010.  The parties agreed that they would address only the issues that both parties believed were in dispute while Bhandari waited for the revised responses to interrogatories.

## RELEVANT LAW REGARDING DISCOVERY

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1). Federal courts have held that the scope of discovery under rule 26 is broad.  See Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995); Sanchez v. Matta, 229 F.R.D. 649, 654 (D.N.M. 2004)(Browning, J.)("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information.").  The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).  As a result, rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." Anaya v. CBS Broad., Inc., 251 F.R.D. 645, 649-650 (D.N.M. 2007)(Browning, J.)(citation omitted).

Parties may use several methods, set forth in the Federal Rules of Civil Procedure, to conduct discovery.  Parties may, "by oral questions, depose any person, including a party."  Fed. R. Civ.

P. 30(a)(1).  Parties may also "serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1).  "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(1).  Parties may also "serve on any other party a request within the scope of Rule 26(b)," for production of documents in the "responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a).

## ANALYSIS

The Court grants in part Bhandari's request that it order the Defendants to amend their answers to the interrogatories and responses to the requests for production.  The interrogatories and requests for production seek relevant information.  Most of the Defendants' objections do not have a sound basis in the law or the facts of the case.

## I.   THE COURT ORDERS THE DEFENDANTS TO AMEND SEVERAL OF THEIR ANSWERS TO INTERROGATORIES.

The Court orders AGH to amend its answers to Interrogatories Nos. 3, 11, 15, 16, and 17. The Court orders CHC to amend its answer to Interrogatory No. 3.

### A.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR ANSWERS TO INTERROGATORY NO. 3.

Interrogatory No. 3 asks the Defendants to identify all evidentiary and legal bases that support their allegation that Bhandari was regularly unavailable for medical consultations, that Bhandari refused to treat emergency room patients needing orthopedic care on numerous occasions, and that other physicians at AGH regularly complained that Bhandari was unavailable or refused to consult on orthopedic issues -- and to identify the date of the complaint, the person making the complaint, and the patient who was allegedly affected and all evidence that supports each

complaint.[1]  See Defendant Artesia General Hospital's Answers and Objections to Plaintiff Ramdas

Bhandari's First Set of Interrogatories No. 3, at 4 (dated September 3, 2010), filed September 22,

2010 (Doc. 55-1)("AGH's Answers and Objections to Interrogatories").  The Defendants object to

this interrogatory on the grounds that it seeks information protected by the attorney-client privilege

and the work-product doctrine, and requests confidential information.  See AGH's Answers and

Objections to Interrogatories No. 3, at 4.

        At the hearing, Mr. Lyons asked the Court to overrule these objections.  Mr. Lyons

contended that the Defendants' objections regarding attorney-client privilege and work-product

doctrine were not proper, and that, furthermore, the Defendants had not provided a privilege log.

Mr. Lyons also asked the Court to order the Defendants to produce the names of the patients who

Bhandari's actions allegedly affected and the files for each named patient.  Mr. Lyons contended

that, because the Defendants assert that Bhandari refused to treat patients, without the patients' files,

Bhandari will not have sufficient information to be able to explain his actions.  Mr. Brown stated

that he would provide all the patient's names and the patients' files for the procedures where

Bhandari either saw a patient or refused to see a patient.

        The Court orders the Defendants to amend their answers to Interrogatory No. 3 to state that

their objections regarding the attorney-client privilege and the work-product doctrine are limited to

---

[1] This interrogatory is a proper contention interrogatory.  See Anaya v. CBS Broad., Inc., No. 06-CIV-0476, 2007 WL 2219458, at *6 (D.N.M. May 16, 2007)(Browning, J.)("Requests for opinions or contentions that call for the application of law to fact -- 'contention interrogatories' -- are proper.")(quoting Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 544 (D. Kan. 2006). At the hearing, Mr. Lyons mentioned that he was concerned that the Defendants did not fully state their legal theories.  Mr. Brown stated that it was in his best interest to fully respond to the contention interrogatory, because he would not be able to use legal theories that he did not assert at trial.  The Court reminds the Defendants that, if they do not put the bases for their contentions in their answers, they risk having the Court exclude the bases for their contentions at trial.

information that was acquired post-litigation.  The Court also orders the Defendants to produce a privilege log for the information that they are withholding which they obtained before the lawsuit was filed.  The privilege log should describe the documents that they are withholding, any persons identified in the documents, the relevant dates, the relevant Bates numbers, and the privilege invoked.  The Court orders the Defendants to produce a list of the patient's names and the patient files for all of the listed patients.  This information will be subject to the Stipulated Confidentiality Order, filed October 13, 2010 (Doc. 66).  The Court therefore grants Bhandari's request that the Court order the Defendants to amend their answers to Interrogatory No. 3 without prejudice to Bhadari's ability to request additional information if he does not believe that the information the Defendants provide is adequate.

### B. THE COURT ORDERS AGH TO AMEND ITS ANSWER TO INTERROGATORY NO. 11.

Interrogatory No. 11 asks AGH to identify any peer review regarding Bhandari that was conducted at AGH.  See AGH's Answers and Objections to Interrogatories at 9.  AGH objected to this interrogatory on the grounds that it seeks confidential and privileged information.  See AGH's Answers and Objections to Interrogatories No. 11, at 9.  At the hearing, Mr. Lyons asserted that Bhandari seeks only to learn whether there was a peer review, and does not seek any details of the peer review -- if there was one -- or any confidential discussions.  Mr. Brown stated that he would amend AGH's response to Interrogatory No. 11 to state that there was not a peer review of Bhandari. The Court therefore grants Bhandari's request that it order AGH to amend its answer to Interrogatory No. 11.  The Court orders AGH to amend its answer to Interrogatory No. 11 to state that there was not a peer review of Bhandari.

## C.    THE COURT ORDERS AGH TO AMEND ITS ANSWER TO INTERROGATORY NO. 15.

Interrogatory No. 15 asks AGH to identify any doctors that it employed who were terminated between January 1, 2005 and the present, to state the reason and date of the termination, and to identify the status of their medical privileges after termination.  See AGH's Answers and Objections to Interrogatories No. 15, at 10.  AGH raised three objections to this interrogatory: (i) that the request was overly broad and unduly burdensome; (ii) that the request seeks information that is not likely to lead to the discovery of admissible evidence; and (iii) that the request seeks confidential information.  See AGH's Answers and Objections to Interrogatories No. 15, at 10.

At the hearing, Mr. Lyons argued that AGH did not meet its burden of proving that the request was unduly burdensome or overly broad, as AGH is a small hospital, and it did not assert that it would be burdensome to go through the records.  Mr. Lyons also argued that the interrogatory seeks relevant evidence.  He argued that the parties disagree whether Bhandari resigned or whether AGH terminated Bhandari.  Bhandari's privileges immediately disappeared after he stopped working at AGH, and Mr. Lyons believes that the requested evidence will show that AGH's practice is to revoke a physician's privileges when they are terminated.  Mr. Brown contended that Bhandari does not raise any claims -- such as a disparate-treatment claim -- that would allow him to compare his situation to that of other doctors.  He argued that the issue is whether Bhandari complied with his contract with the hospital; therefore, the information that this interrogatory seeks is not relevant.

The Court will overrule AGH's objections.  The Court finds that this request for information is not overly broad or unduly burdensome.  The Court believes that AGH is a small hospital, without many doctors.  The interrogatory covers a limited period of time.  Moreover, AGH has not met its burden of proving that the request is unduly burdensome.  See Segarra v. Potter, No. CIV-02-1413,

2004 WL 3426438, at * 7 (D.N.M. Apr. 5, 2004)(Browning, J.)("[T]he Court is not convinced this production is unduly burdensome.  The Defendant did not submit any affidavit to support its contention. The word 'hundreds' can mean 200 or many more.  The Court does not know; the Defendant did not meet its burden of establishing that the request is unduly burdensome.").  The Court will overrule the AGH's objection regarding relevance.  The parties disagree whether AGH terminated Bhandari or whether Bhandari resigned.  Because the interrogatory could reasonably lead to the discovery of admissible evidence regarding whether AGH terminated Bhandari or whether Bhandari resigned, the Court finds that the interrogatory seeks relevant evidence.  <u>See</u> Fed. R. Civ. P. 26(b)(1).  The Court also overrules AGH's objection regarding confidentiality, as the parties have agreed to a Confidentiality Order.  The Court will grant Bhandari's request that it order AGH to amend its answer to Interrogatory No. 15.  The information contained in AGH's amended answer will be subject to the Stipulated Confidentiality Order.

### D.    THE COURT ORDERS AGH TO AMEND ITS ANSWER TO INTERROGATORY NO. 16.

Interrogatory No. 16 asks AGH to identify all evidentiary and legal bases that support its contention that it suffered damages.  <u>See</u> AGH's Answers and Objections to Interrogatories No. 16, at 10.  AGH objects to this interrogatory on the ground that it calls for information protected by the attorney-client privilege and the work-product doctrine.   <u>See</u> AGH's Answers and Objections to Interrogatories No. 16, at 10.  At the hearing, Mr. Brown stated that AGH would provide more information in an amended answer to this interrogatory.  The Court will therefore grant Bhandari's request, and it orders AGH to amend its answer to Interrogatory No. 16.  If AGH withholds documents that it obtained pre-litigation, it must produce a privilege log.

### E.   THE COURT ORDERS AGH TO AMEND ITS ANSWER TO INTERROGATORY NO. 17.

Interrogatory No. 17 asks AGH to identify its costs in providing health insurance, life insurance, professional liability insurance, funds matching Bhandari's 401(k) contributions, continuing medical-education reimbursement, and other benefits to Bhandari during the periods of August 24, 2005 to August 23, 2006 and August 24, 2006 to August 23, 2007.  See AGH's Answers and Objections to Interrogatories No. 17, at 11.  At the hearing, Mr. Brown stated that he would produce all of the responsive information by October 4, 2010 at 5:00 p.m.  The Court therefore grants Bhandari's request that it order AGH to amend its answer to Interrogatory No. 17 and orders AGH to produce the responsive information by October 4, 2010 at 5:00 p.m.

## II.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR RESPONSES TO BHANDARI'S REQUESTS FOR PRODUCTION.

The Court orders the Defendants to amend their responses to Bhandari's Requests for Production Nos. 4, 5, 14, 15, 16, 17, 20, 21, and 22.

### A.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR RESPONSES TO REQUEST FOR PRODUCTION NO. 4.

Request for Production No. 4 asks the Defendants to produce all documents relating to any peer review of any medical professional at AGH between January 1, 2005 and the present.  See Defendant Artesia General Hospital's Responses and Objections to Plaintiff Ramdas Bhandari's First Set of Requests for Production of Documents and Tangible Things No.4, at 16 (dated August 31, 2010), filed September 22, 2010 (Doc. 55-1)("AGH's Responses and Objections to Requests for Production").  The Defendants objected to this request on the grounds that it was overly broad and burdensome, that it did not seek relevant information, and that it sought confidential and privileged information.  See AGH's Responses and Objections to Requests for Production No. 4, at 16.  At the

hearing, Mr. Lyons argued that the Defendants did not offer any arguments or proof that providing the documents would be unduly burdensome, or that the request was overly broad. Mr. Lyons argued that the request sought relevant information, because the issues that the Defendants raise about Bhandari's performance is something that would normally be addressed in a peer review. Mr. Lyons stated that he could refine the request for production by limiting it to a request for a list of the people who were reviewed and the reasons for the reviews. Mr. Brown argued that the request did not seek relevant information, because the Defendants have stated that Bhandari was not peer reviewed. Mr. Brown also argued that the information was protected under the peer-review privilege and that it was confidential information.

The Court overrules the Defendants' objections. This request is limited in time, and there are not many doctors in Artesia. For these reasons, for reasons previously discussed in this Memorandum Opinion and Order, and for reasons stated on the record at the hearing, the Court believes that the request is not overly broad or unduly burdensome. The Court overrules the Defendants' objection that the request for production does not seek relevant information. Bhandari's performance is at issue in this case, and the requested information could lead to the discovery of admissible evidence regarding to his performance. The Court orders the Defendants to produce a document listing the names of the people who were peer reviewed and the general reasons for the peer review. The Court believes this list is similar to a privilege log, and, as such, the Defendants' production will not infringe on the peer-review privilege.[2] This document is for attorneys' eyes

---

[2] Section 41-9-5 of the New Mexico Statutes states: "All data and information acquired by a review organization in the exercise of its duties and functions shall be held in confidence and shall not be disclosed to anyone except to the extent necessary to carry out one or more of the purposes of the review organization or in a judicial appeal from the action of a review organization." NMSA 1978, § 41-9-5 (1979). The Supreme Court of New Mexico, in Southwest Community Health Services v. Smith, 107 N.M. 196, 755 P.2d 40 (1988), stated:

only.  The Court therefore grants Bhandari's request that the Court order CHC and AGH to amend

their responses to the Request for Production No. 4 without prejudice to Bhandari renewing his

request if he wishes to further use the document that the Defendants will provide.

> **B.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR RESPONSES TO REQUEST FOR PRODUCTION NO. 5.**

Request for Production No. 5 asks the Defendants to provide all documents relating to any

termination or suspension of medical staff privileges for any medical professional at AGH between

January 1, 2005 and the present.  See AGH's Responses and Objections to Requests for Production

---

> When a party invokes Section 41-9-5 to immunize evidence from discovery, the burden rests upon that party to prove that the data or information was generated exclusively for peer review and for no other purpose, and that opinions were formed exclusively as a result of peer review deliberations.  If the evidence was neither generated nor formed exclusively for or as a result of peer review, it shall not be immune from discovery unless it is shown to be otherwise available by the exercise of reasonable diligence.

107 N.M. at 200, 755 P.2d at 44.  If the court finds that the information at issue is confidential, the party seeking access must show that the information constitutes evidence which is critical to his or her cause of action or defense.  See Southwest Cmty. Health Servs. v. Smith, 107 N.M. at 201, 755 P.2d at 45.  The Court finds that the Defendants' production of a document, listing the names of the people who were peer reviewed and the general reasons for the peer review, will not infringe on the peer-review privilege.  Section 41-9-5 governs "data and information acquired by a review organization in the exercise of its duties and functions."  NMSA 1978, § 41-9-5.  The document that the Court is ordering the Defendants to produce was not generated by a review organization in the exercise of its duties.  Furthermore, even if the document that the Court has ordered the Defendants to produce contains any information acquired by a review organization in the exercise of its duties and functions, the Defendants have not carried their burden of proof that the information was generated exclusively for peer review and no other purpose, and that the information contains opinions formed exclusively as a result of the peer-review deliberations.  See Chavez v. Lovelace Sandia Health Sys., Inc., 144 N.M. 578, 587, 189 P.3d 711, 720 (Ct. App. 2008)(stating that the party objecting to the production has the burden of proving that the information was generated exclusively for peer-review purposes, and for no other purpose, and that the opinions were formed exclusively as a result of peer review deliberations).  The Court is not convinced that this required information, which is similar to that on a privilege log, is desiring of more protection than information generated pursuant to the attorney-client privilege or work-product doctrine.

No. 5, at 16.  The Defendants objected to this request on the grounds that it was overly broad and burdensome, that it sought information that was not relevant, and that it sought confidential information.  See AGH's Responses and Objections to Requests for Production No. 5, at 16.  At the hearing, Mr. Lyons argued that the Defendants have not offered any arguments or proof that responding to the request would be unduly burdensome, or that the request is overly broad.  Mr. Lyons also argued that the request is reasonably calculated to lead to the discovery of admissible evidence.  He stated that it seeks information related to the disagreement between the parties regarding whether AGH terminated Bhandari or whether Bhandari resigned.  Mr. Lyons stated that the documents will show that there should have been a formal proceeding before AGH removed Bandhari's privileges and that Bhandari was terminated.  Mr. Brown contended that the request does not seek relevant information, because Bhandari does not raise a disparate-treatment claim.

The Court believes that this request seeks relevant information, as it might lead to the discovery of admissible evidence whether AGH terminated Bhandari or whether Bhandari resigned. Bhandari's request for production is presently too broad, however.  The Court will not require the Defendants to produce the requested documents at this point, but it will require the Defendants to produce the names of the medical professionals at AGH whose privileges were terminated or suspended, and the reasons for the termination or suspension.  This information will be subject to the Stipulated Confidentiality Order.  The Court will therefore grant in part Bhandari's request that it order the Defendants to amend their responses to Request for Production No. 5, without prejudice to Bhandari moving for a particular medical professional's file at a later time.

### C.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR RESPONSES TO REQUESTS FOR PRODUCTION NOS. 14 AND 15.

Request for Production No. 14 asks the Defendants to produce all documents concerning the

AGH Credentialing Committee, generated between January 1, 2005 and December 31, 2006, and all documents that the Credentialing Committee generated regarding Bhandari.  See AGH's Responses and Objections to Requests for Production No. 14, at 19.  The Defendants object to this request on the grounds that it is overly broad and unduly burdensome, seeks information that is not relevant, and seeks information that is confidential and privileged.  See AGH's Responses and Objections to Requests for Production No. 14, at 19.  At the hearing, Mr. Lyons stated that he does not see how the request is burdensome, as it is only requesting documents from a limited time period.  Mr. Lyons argued that the request seeks relevant information because the requested information will show that no one complained about Bhandari and that the hospital's allegation that Bhandari resigned is pretextual.  Mr. Brown contended that the request does not seek relevant information.  The Court finds that the request is reasonably calculated to lead to the discovery of admissible evidence, because Bhandari's performance at the hospital is at issue.  The Court believes, however, that the request is overly broad.  The Court will order the Defendants to produce all documents that the Credentialing Committee generated regarding Bhandari.  The Court will also order the Defendants to produce no more than three documents that explain the Credentialing Committee -- such as the Committee's bylaws or a policy statement.  The Court will therefore grant in part Bhandari's request that it order the Defendants to amend their responses to Request for Production No. 14, without prejudice to Bhandari requesting additional documents at a later time.

Request for Production No. 15 requests the minutes for any meeting of the AGH Medical Staff, Governing Board, or Artesia Hospital District Board that occurred between January 1, 2005 and December 31, 2006, other than those produced in the Chitra Bhandari litigation.  See AGH's Responses and Objections to Requests for Production No. 15, at 19.  At the hearing, Mr. Brown stated that he would produce the minutes for these meetings.  The Court therefore grants Bhandari's

request that it order the Defendants to amend their responses to Request for Production No. 15 and orders the Defendants to produce these documents.

### D.     THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR RESPONSES TO REQUESTS FOR PRODUCTION NOS. 16 AND 17.

Requests for Production Nos. 16 and 17 ask the Defendants to produce unredacted copies of the redacted documents and all documents concerning the patients identified in the redacted documents. See, e.g., AGH's Responses and Objections to Requests for Production at 20. The Defendants objected to these requests on the grounds that they are overly broad and unduly burdensome, seek information that is not relevant, and seek confidential information. See, e.g., AGH's Responses and Objections to Requests for Production Nos. 16, 17, at 20. At the hearing, Mr. Lyons argued that the requests seek relevant information, as they could lead to the discovery of admissible evidence regarding the reasons that the Defendants allegedly terminated Bhandari. The Court finds that this request could lead to the discovery of admissible evidence regarding the end of Bhandari's employment with AGH. The Court also finds that the Defendants have not met their burden of proving that the request is unduly burdensome. The request does not appear to be overly broad, and Mr. Brown did not make any arguments regarding why the request is overly broad. The Court will order the Defendants to produce the unredacted documents. In the Court's discussion of Interrogatory No. 3, the Court ordered the Defendants to produce patient files. At this time, the Court will not order the Defendants to produce patient files that were not covered by its previous ruling regarding Interrogatory No. 3. The Court will therefore grant in part Bhandari's request that it order the Defendants to amend their responses to Request for Production Nos. 16 and 17, without prejudice to Bhandari requesting production of additional files at a later time. Any files that the Defendants produce will be subject to the Stipulated Confidentiality Order.

**E.      THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR RESPONSES TO REQUESTS FOR PRODUCTION NOS. 20 AND 21.**

Requests for Production Nos. 20 and 21 ask the Defendants to produce all cellular telephone records for CHC and AGH employees working at AGH when Bhandari was an employee -- and specifically the telephone records of David Butler and Kenneth Randall. See AGH's Responses and Objections to Requests for Production Nos. 20, 21, at 21. The Defendants objected to these requests on the grounds that they are overly broad and unduly burdensome, and seek information that is not relevant. See, e.g., AGH's Responses and Objections to Requests for Production at 21. At the hearing, Mr. Lyons contended that the Defendants have asserted that Bhandari's excessive cellular telephone use demonstrates that he was not focused on his employment at AGH. Mr. Lyons stated that Bhandari wanted to discover the cellular telephone records of other employees during the same period to see if his use of his cellular telephone was excessive. Mr. Lyons stated that Bhandari specified Randall and Butler, because Butler investigated Bhandari and Randall made the decision to terminate Bhandari. Mr. Brown stated that he did not know if the Defenants had these records. Mr. Brown also objected to the request. He argued that the request did not seek relevant information. He also contended that the request sought privileged information, because Butler is in-house-counsel for AGH. The Court believes that the telephone records may have some marginal relevance regarding Bhandari's performance. The Court also believes that the request is limited in time, and that AGH is a small hospital. For these reasons, for reasons previously set forth in this Memorandum Opinion and Order, and for reasons stated on the record at the hearing, the Court finds that the request is not unduly burdensome or overly broad. The Court will order the Defendants to produce the records. The Court overrules Mr. Brown's objection -- raised during the hearing -- that the Defendants' production of the telephone records would reveal privileged information, because

-16-

the Court believes that the telephone records will not reveal information beyond what would be revealed in a privilege log.  If the records are not in the Defendants' custody, possession, or control, Bhandari will have to obtain them through a subpoena, and the Defendants will cooperate in the production of the records, including by executing and supplying any necessary releases.  The Court therefore grants Bhandari's request that it order the Defendants to amend their responses to Request for Production Nos. 20 and 21.

### F.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR RESPONSES TO REQUEST FOR PRODUCTION NO. 22.

Request for Production No. 22 seeks documents that identify all operative procedures Dr. Ash[3] performed during the period in which AGH employed Bhandari.  <u>See</u> AGH's Responses and Objections to Requests for Production No. 22, at 22.  The Defendants object to this request on the grounds that it is unduly burdensome and overly broad, does not seek relevant information, and seeks confidential information.  <u>See</u> AGH's Responses and Objections to Requests for Production No. 22, at 22.  At the hearing, Mr. Lyons asserted that the Defendants told Bhandari to turn over all foot and ankle procedures to Ash.  Mr. Lyons argued that, because the Defendants allege that Bhandari was not working, these documents are relevant to the issues surrounding Bhandari's performance.  Mr. Lyons also argued that the Defendants have not offered any support for their contention that the request is overly broad or unduly burdensome.  The Court finds that the request is not overly broad, as it is limited in time and limited to one doctor.  The request seeks relevant information, because it might lead to the discovery of evidence relating to Bhandari's performance of his employment contract.  The Court, however, will limit the request.  The Court believes that a

---

[3] Ash was a podiatrist at AGH during the period in which AGH employed Bhandari.  <u>See</u> AGH's Responses and Objections to Requests for Production No. 22, at 22.

list of Ash's operative procedures is sufficient to provide Bhandari with the information that he is seeking. The Court therefore orders the Defendants to produce a list of all the operative procedures that Ash performed when Bhandari was an employee. The Court grants in part Bhandari's request that it order the Defendants to amend their responses to Request for Production No. 22, without prejudice to Bhandari requesting the files on specific procedures at a later time.

### III. THE COURT ORDERS BOTH PARTIES TO PRODUCE ALL DOCUMENTS THEY PLAN TO USE IN THIS LITIGATION WITH SUFFICIENT IDENTIFYING LABELS.

At the hearing, Mr. Brown stated that he wanted to know which documents from the litigation involving C. Bhandari, Bhandari's wife, AGH, and CHC, Bhandari will use in this litigation. The parties agreed that they did not have to list all the documents that were responsive to each request for production. The parties agreed that they would each produce a computer disc containing the documents that they plan to use in this litigation with sufficient identifying labels. The parties agreed that the documents did not have to be identified with Bates-labels, but they did need to be sufficiently identifiable. The Court orders the parties to produce documents in this manner during this litigation.

**IT IS ORDERED** that the Defendants VHA Southwest Community Health Corporation d/b/a Community Hospital Corporation and Artesia General Hospital must amend their answers to the interrogatories and responses to the requests for production in accordance with this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

-18-

*Counsel:*

Gregory L. Denes
Juno Beach, Florida

-- and --

Michelle L. Gomez
Brownstein Hyatt Farber Schreck, LLP
Denver, Colorado

-- and --

Eric R. Burris
Adam E. Lyons
Brownstein Hyatt Farber Schreck, P.C.
Albuquerque, New Mexico

> *Attorneys for the Plaintiff*

Blaine T. Mynatt
Brad Springer
Holt, Babington & Mynatt
Las Cruces, New Mexico

> *Attorneys for Counter Defendant*

William C. Madison
Madison, Harbour & Mroz, P.A.
Albuquerque, New Mexico

-- and --

Paul J. Brown
Mary Olga-Lovett
Greenberg Traurig, LLP
Houston, Texas

> *Attorneys for the Defendants*