**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RAMDAS BHANDARI, M.D.,

       Plaintiff,

vs.                                      No. CIV 09-0932 JB/GBW

VHA SOUTHWEST COMMUNITY
HEALTH CORPORATION d/b/a
COMMUNITY HOSPITAL CORPORATION
and ARTESIA GENERAL HOSPITAL,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion for Reconsideration, filed October 20, 2010 (Doc. 76)("Motion"). The Court held a hearing on December 17, 2010. The primary issue is whether the Court should compel production of the cellular telephone records of David Butler, in-house counsel for Defendant VHA Southwest Community Health Corporation d/b/a Community Hospital Corporation ("CHC"). The Court will grant in part and deny in part the Defendants' Motion. The Court will compel production of Butler's cellular telephone records, but it will allow CHC to redact the telephone numbers in Butler's cellular telephone records while leaving the page numbers, the number of telephone calls, and the length of the telephone calls.

**FACTUAL BACKGROUND**

Bhandari is an orthopedic surgeon who has sued CHC and Defendant Artesia General Hospital ("AGH") for fraudulent and/or negligent misrepresentation, constructive fraud, breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, defamation, false light invasion of privacy, and intentional infliction of emotional distress. See Second Amended

Complaint for Fraudulent and/or Negligent Misrepresentation; Constructive Fraud; Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Wrongful Discharge in Violation of Public Policy; Outrageous Conduct; Defamation; False Light Invasion of Privacy; and Intentional Infliction of Emotional Distress, filed July 12, 2010 (Doc. 35)("SAC").  Bhandari alleges that he relied on the Defendants' representations in entering into an employment agreement to become a physician at AGH, and that, in September 2006, the Defendants acted to unlawfully terminate his practice of medicine and breach the terms of the employment agreement.  See SAC ¶¶ 19, 25, at 8, 9.

**1.    Bhandari's Alleged Termination.**

Bhandari contends that one of the bases "for [the] Defendants' claim that they had cause to terminate . . . is their opinion that . . . Bhandari's cellular [tele]phone records show that . . . [he] was failing to devote his full energies to his job."  Response at 2.  The Defendants allege that Bhandari was terminated "because he failed to maintain regular work hours and was regularly unavailable for medical consultations."  Motion at 2 (citing Defendants' First Amended Answer and Counterclaim ¶ 113, at 10, filed July 27, 2010 (Doc. 44)("Answer and Counterclaim")).  The Defendants contend that Bhandari spent an inordinate amount of time away from AGH and devoted a significant amount of his AGH office time to matters in Florida.  See Motion at 3 (citing Answer and Counterclaim ¶ 114, at 10).

**2.    The Relationship Between CHC and AGH.**

"CHC is a not-for-profit company whose sole mission is to help hospitals remain community-operated and governed."  Declaration of David Butler ¶ 3, at 2 (executed October 20, 2010), filed October 20, 2010 (Doc. 76-4).  CHC currently has corporate relationships with seven hospitals, including AGH.  See id.  CHC also "provides management and consulting services to over

thirty-five other hospitals and healthcare facilities." Id.

**3.** **Butler's Position at CHC.**

Butler is Senior Vice President and General Counsel for CHC.  See Butler Decl. ¶ 2, at 2. As Senior Vice President and General Counsel, he is responsible for providing or overseeing all legal services affecting CHC.  See id.  Butler's responsibilities include oversight of all of CHC's litigation, corporate, and regulatory matters.  See id.  Butler also provides "legal services to entities with which CHC has an ownership or a corporate relationship."  Id.

CHC employs Butler, and he has an employment contract with CHC.  See Butler Decl. ¶ 4, at 3.  He is subject to CHC's employment policies.  See Butler Decl. ¶ 4, at 3.  AGH does not employ Butler, and he is not subject to AGH's employment policies.  See Butler Decl. ¶ 4, at 3. Butler annually spends approximately ten to fifteen percent of his time working on AGH-related matters.  See id. ¶ 5, at 3.  Butler spends the remainder  of his time on legal matters unrelated to AGH.  See id. ¶ 5, at 3.

**4.** **Butler's Cellular Telephone.**

CHC provided Butler with a cellular telephone from approximately July 2006 through October 2009.  See id. ¶ 6, at 3.  Butler used the cellular telephone primarily for CHC legal business. See id. ¶ 6, at 3.  Butler uses his cellular telephone to conduct business relating to his legal representation of CHC, to discuss legal matters with CHC's officers, directors, and employees, and to discuss legal matters with the officers, directors, and employees of those hospital entities with whom CHC has a corporate relationship.  See id. ¶ 7, at 3.  He also uses his cellular telephone to initiate conversations with third-parties who may have relevant information regarding pending litigation, corporate, and regulatory matters.  See id. ¶ 8, at 3.

-3-

## PROCEDURAL BACKGROUND

On July 12, 2010, Bhandari filed his SAC.  Bhandari has not pled a disparate treatment claim or any other claim which alleges that he was treated differently from the other employees at AGH. On July 27, 2010, the Defendants filed their Answer and Counterclaim, alleging causes of action for breach of contract, conversion/theft, defamation, and fraud.  See Answer and Counterclaim at Counts I, II, III, and IV.

### 1.    CHC's Interrogatory Answers.

CHC's responses to Bhandari's First Set of Interrogatories contain two mentions of Bhandari's cellular telephone usage.  In Interrogatory No. 3, Bhandari asked CHC to identify all evidentiary and legal bases that support the allegations in the Defendants' Answer that Bhandari failed to maintain regular work hours and was regularly unavailable for medical consultations.  CHC stated that one of the bases of its allegation was that Bhandari's "cellular telephone records" show that Bhandari "spen[t] significant time on unrelated business matters during business hours." Defendant VHA Southwest Community Heath Corporation d/b/a Community Hospital Corporation's First Amended Answers and Objections to Plaintiff Ramdas Bhandari's First Set of Interrogatories at 6, filed October 20. 2010 (Doc. 76-2)("Answers").  In response to Interrogatory No. 4, which asked CHC to identify all evidentiary and legal bases that support its allegation that Bhandari spent a significant amount of his AGH office time managing his business interests in Florida, CHC stated that its allegation was based in part upon Bhandari's cellular telephone records, which indicated that a large portion of his time was not devoted to seeing patients, but was instead devoted to managing properties in Florida.  See Answers at 8.

### 2.    Bhandari's Request for Telephone Records.

In Bhandari's First Set of Requests for Production of Documents, Bhandari requested " all

cellular [tele]phone records, that are in your possession, custody or control, for David Butler and for Kenneth Randall."   Defendant VHA Southwest Community Health Corporation d/b/a Community Hospital Corporation's Responses and Objections to Plaintiff Ramdas Bhandari's First Set of Requests for Production of Documents and Tangible Things at 11, filed October 20, 2010 (Doc. 76-3).  The Defendants objected to this request on the grounds that it was overly broad, unduly burdensome, and sought information that was not relevant.  See Memorandum Opinion and Order at 16, filed October 18, 2010 (Doc. 73).  Bhandari requested the Court's intervention to resolve this discovery dispute, and other discovery disputes.

      **3.**      **Discovery conference.**

The Court held a discovery conference on September 30, 2010.  At the time of the conference, Bhandari had not filed a motion to compel, and the parties did not submit briefing on any issues raised at the discovery conference.  In the discovery conference, Bhandari stated that the Defendants have asserted that his excessive cellular telephone use demonstrates that he was not focused on his employment at AGH.  Bhandari stated that he wanted to discover other employees' cellular telephone records to see if his cellular telephone use was excessive.  Specifically, Bhandari stated that he wanted to discover Butler's and Randall's telephone records, because Butler investigated Bhandari and Randall made the decision to terminate Bhandari.  The Defendants objected to these requests.  They argued that the telephone records had no relevance to the claims that Bhandari pled in his Second Amended Complaint.  The Defendants also argued that Butler's cellular telephone records contained privileged information under the attorney-client and work product doctrines.

      **4.**      **The Court's Memorandum Opinion and Order and the Defendants' Motion.**

On October 18, 2010, the Court issued a Memorandum Opinion and Order, which ordered

the Defendants to produce David Butler's cellular telephone records.  See Memorandum Opinion and Order at 16, filed October 18, 2010 (Doc. 73).  On October 20, 2010, the Defendants filed their Motion, asking the Court to reconsider its Memorandum Opinion and Order with respect to Butler's cellular telephone records.  See Motion at 2.  The Defendants ask the Court to deny Bhandari's request that it compel production of Butler's cellular telephone records.  See Motion at 2.  The Defendants argue that Butler's cellular telephone records have no relevance  to Bhandari's claim that he was wrongfully terminated, that Bhandari's request is overly broad, and that Butler's cellular telephone records are privileged and contain protected work-product.  See Motion at 5-6.

Bhandari responded, arguing that Butler's cellular telephone records are relevant, because they will show that the Defendants' made their determination that there was cause to terminate in bad faith.  See Plaintiff's Response to Defendant's Motion for Reconsideration [Doc. 76] Filed October 20, 2010 at 2, filed November 5, 2010 (Doc. 84).  Bhandari also argues that the Defendants have no legitimate over breadth objection, and no legitimate attorney-client privilege or work-product objection.  See Response at 3-4.  Bhandari also requests the Court to preclude the Defendants from making any argument in this matter based on Bhandari's cellular telephone usage as a sanction for the Defendants' failure to produce the cellular telephone records.[1]

At the hearing, the Court stated that one possible solution to this discovery dispute is that, if Bhandari is seeking Butler's telephone records to show that Butler used his cellular telephone for personal and other unauthorized uses, but AGH did not punish him for these uses, the Defendants could offer a stipulation, stipulating to that fact.  If Bhandari would accept a stipulation, he would

---

[1] Because the Defendants' Motion had a sound basis in the law and the facts of the case, and because the Court will grant in part and deny in part the Defendants' Motion, the Court will not grant Bhandari's request for sanctions.

not need to seek Butler's telephone records.  Bhandari stated that all he plans to do is show a stack

of Butler's cellular telephone records to the jury and argue rhetorically that it was not reasonable

for the Defendants to think that they had good cause to terminate Bhandari looking at the face of his

cellular telephone records, because Butler had similarly long telephone records.  Although the

parties agreed that Bhandari could achieve his purposes if the Court ordered only Butler's redacted

telephone records, one of Bhandari's attorneys, Blaine Mynatt, expressed interest in exploring the

option of a stipulation.  Mr. Mynatt stated that he believed that there had been testimony in recent

depositions that people made personal or unauthorized calls on company time.  Mr. Mynatt informed

the Court that Bhandari might discuss the possibility of a stipulation with the Defendants at a later

time.  If the parties reach an agreement regarding a stipulation, they may file the stipulation with the

Court.

## ANALYSIS

The Defendants argue that Bhandari's request is overly broad, requests information that is

not relevant, and requests privileged information.  The Defendants argue that Butler's cellular

telephone records are not relevant to Bhandari's claim that he was wrongfully terminated.  They

argue that none of Bhandari's claims in his Second Amended Complaint include an allegation of

disparate treatment.  They also argue that, even if Bhandari had raised an issue of disparate

treatment, there is no evidence that Butler is in a comparable position to Bhandari or that Butler has

the same contractual restrictions on his employment as Bhandari.  The Defendants argue that

Bhandari's request is overly broad, because Butler spends only approximately ten to fifteen percent

of his time working on AGH matters; "[t]hus, ninety to eighty-five percent of the cellular

[tele]phone records requested by [Bhandari] have absolutely nothing to do with AGH."  Motion at

6.  The Defendants also argue that Butler's cellular telephone records contain privileged

information, because, as general counsel, Butler used his cellular telephone to discuss legal matters with CHC officers, directors, and employees, to discuss legal matters with officers, directors, and employees of those hospital entities with whom CHC has a corporate relationship, and to initiate conversations with third-parties who may have relevant information regarding pending litigation, corporate, and regulatory matters.

Bhandari argues that Butler's cellular telephone records are relevant, and that the Defendants have no legitimate over breadth objection or privilege or work-production objection. See Response at 2-4. Bhandari contends that the Defendants assert that Butler determined, from looking at Bhandari's cellular telephone records, that Bhandari was spending too much time on the telephone. See Response at 2. Bhandari argues that Butler's cellular telephone records are likely equally susceptible to a facial reading that he was spending too much time on the phone, and that, because Butler's own cellular telephone records are susceptible to such an incorrect, facial reading, Butler should have known that it was improper to draw such conclusions. See Response at 2-3. Bhandari contends that Butler's cellular telephone records will support his position that his termination "on the basis of this pretext . . . was improper and a willful breach of contract." Response at 3. Bhandari argues that, although Butler allegedly spends only fifteen percent of his time working on AGH matters, "[t]he only proper comparison is Butler's full cellular [tele]phone use." Response at 3. Bhandari also argues that the Defendants did not make a timely privilege or work-product objections, and that they have waived their objections, because they did not raise these objections in their response to the request for production. See Response at 4. Bhandari further contends that there is no attorney-client privilege or work-product protected information in a cellular telephone bill. See Response at 4.

The Court will order production of Butler's cellular telephone records. The Defendants

allege that they fired Bhandari because of his overall performance, such as his failure to maintain regular work hours and his unavailability for medical consultations, and not because of his misuse of his cellular telephone.  See Motion at 2-3 (citations omitted).  Bhandari alleges that at least one of the bases for his termination was his alleged misuse of his cellular telephone, see Response at 2, and there is some support for his position in CHC's answers to interrogatories.  Because there is a dispute whether at least one of the bases for Bhandari's termination is his misuse of his cellular telephone, the Court believes that discovery regarding Butler's use of his cellular telephone is marginally relevant, because both Bhandari and Butler used company-issued cellular telephones.

The Court, however, does not want to get into a situation where a party is seeking discovery to harass the other party and harbors concerns regarding discovery of the telephone records for one of the Defendant's in-house counsel.  The Court believes that cellular telephone records from other physicians at AGH would be more comparable to Bhandari's telephone records than Butler's telephone records.  At the hearing, the Defendants stated that there is at least one other physician at AGH whose telephone records would serve as a better comparison than Butler's telephone records.  Bhandari, however, represented that no other person had a company authorized cellular telephone.  Accordingly, there does not appear to be a ready substitute or better comparison.

Bhandari also stated that he planned to use Butler's cellular telephone records solely for demonstrative purposes.  Specifically, he plans to show a stack of Butler's cellular telephone records to the jury and argue rhetorically that it was not reasonable for the Defendants to think that they had good cause to terminate Bhandari looking at the face of his cellular telephone records, because Butler had similarly long telephone records.  See Response at 3 (stating that Butler's telephone records will support Bhandari's position that the Defendants' improperly terminated him, "[b]ecause . . . Butler's own cellular [tele]phone records will be susceptible to just the sort of incorrect, facial

reading that [the] Defendants allegedly applied to . . . Bhandari's records, . . . Butler should have know that it was improper to draw conclusions from . . . Bhandari's [tele]phone").  Because Bhandari intends to use Butler's cellular telephone records solely for a demonstrative purpose, and for the reasons stated on the record at the hearing, the Court will order production of Butler's cellular telephone records, even though Butler's records might not be of great weight, given Butler's and Bhandari's different positions on why he was terminated.  The parties can argue about the weight of the evidence before the jury.  The Court will allow CHC to redact the telephone numbers in Butler's cellular telephone records to assuage the Defendants' concerns about privilege and work product.[2]  Although the Defendants may redact the telephone numbers in Butler's cellular telephone records, the Defendants cannot redact the page numbers, the number of calls, or the length of the calls.   The Court does not believe that Bhandari's request is overly broad, even though approximately only fifteen percent of Butler's work relates to AGH, because, to conduct a proper comparison, Bhandari needs the entirety of Butler's cellular telephone records.  The Court believes that production of Butler's cellular telephone records, with the telephone numbers redacted, will strike an appropriate balance between Bhandari's need for discovery on the issue and the Defendants' concerns.

   **IT IS ORDERED** that the Defendants' Motion for Reconsideration, filed October 20, 2010 (Doc. 76) is granted in part and denied in part.  The Court will order production of David Butler's cellular telephone records, but it will allow the Defendants to redact the telephone numbers in the records while leaving the page numbers, number of calls, and length of the calls.

---

   [2] At the hearing, both Bhandari and the Defendants agreed to the Court ordering production of Butler's cellular telephone records after redaction of the telephone numbers.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory L. Denes
Juno Beach, Florida

-- and --

Michelle L. Gomez
Brownstein Hyatt Farber Schreck, LLP
Denver, Colorado

-- and --

Eric R. Burris
Adam E. Lyons
Brownstein Hyatt Farber Schreck, P.C.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Matthew P. Holt
Blaine T. Mynatt
Brad Springer
Holt, Babington & Mynatt
Las Cruces, New Mexico

   *Attorneys for Counter Defendant*

William C. Madison
Madison, Harbour & Mroz, P.A.
Albuquerque, New Mexico

-- and --

Mary Olga-Lovett
Paul J. Brown
Greenberg Traurig, LLP
Houston, Texas

*Attorneys for the Defendants*