IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RAMDAS BHANDARI, M.D.,

        Plaintiff/Counterdefendant,

vs.                                                                                        No. CIV 09-0932 JB/GBW

VHA SOUTHWEST COMMUNITY
HEALTH CORPORATION d/b/a
COMMUNITY HOSPITAL CORPORATION
and ARTESIA GENERAL HOSPITAL,

        Defendants/Counterclaimants.

### SEALED MEMORANDUM OPINION AND ORDER
(for the parties' eyes only)

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Compel Production

of Allegedly Privileged Materials and for Sanctions (Confidential -- Subject to Confidentiality

Order; Filed Under Seal), filed November 5, 2010 (Doc. 83)("Motion to Compel").  The Court held

a hearing on December 17, 2010.  The primary issues are: (i) whether the Court should preclude the

Defendants from asserting any privilege objections and order the Defendants to produce fourteen

documents listed in a privilege log prepared for the litigation in state court involving Chitra

Bhandari, M.D., Plaintiff Ramdas Bhandari, M.D.'s wife; (ii) whether the Court should order the

Defendants to provide more information regarding entries in the peer review log; and (iii) whether

the Court should issue sanctions against the Defendants.  The Court finds that the Defendants did

not waive their objections under the attorney-client privilege or work-product doctrine.  The Court

orders the Defendants to investigate whether the fourteen documents at issue were produced in

C. Bhandari's litigation.  If they were produced, the Defendants must produce them in this litigation.

If, after conducting an investigation, the Defendants find that they were not produced, the

Defendants must submit an affidavit, along with the fourteen documents and an index of the people listed in the documents, to the Court. The affidavit must state that the documents were not produced, and that the documents are protected by the attorney-client privilege or the work-product doctrine, or that the documents are not relevant. The Defendants must submit the affidavit within ten business days of the hearing on December 17, 2010. The Court also orders the Defendants to provide R. Bhandari more information regarding several of the entries in the peer review log. The Court will not, however, grant R. Bhandari's request for sanctions.

## FACTUAL BACKGROUND

R. Bhandari is an orthopedic surgeon who has sued the Defendants for fraudulent and/or negligent misrepresentation, constructive fraud, breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, defamation, false light invasion of privacy, and intentional infliction of emotional distress. See Second Amended Complaint for Fraudulent and/or Negligent Misrepresentation; Constructive Fraud; Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Wrongful Discharge in Violation of Public Policy; Outrageous Conduct; Defamation; False Light Invasion of Privacy; and Intentional Infliction of Emotional Distress, filed July 12, 2010 (Doc. 35)("SAC"). R. Bhandari alleges that he relied on the Defendants' representations in entering into an employment agreement to become a physician at Artesia General Hospital ("AGH"). See SAC ¶ 19, at 8. R. Bhandari contends that, in September 2006, the Defendants acted to unlawfully terminate his practice of medicine and breach the terms of the employment agreement. See SAC ¶ 25, at 9.

## PROCEDURAL BACKGROUND

On July 12, 2010, R. Bhandari filed his SAC. On July 27, 2010, the Defendants filed their First Amended Answer and Counterclaim, alleging causes of action for breach of contract,

conversion/theft, defamation, and fraud.  See Defendants' First Amended Answer and Counterclaim at Counts I, II, III, and IV, filed July 27, 2010 (Doc. 44).

On September 22, 2010, the parties asked for the Court's intervention to resolve a discovery dispute.  See Unopposed Motion of Plaintiff to Extend Deadline for Plaintiff/Counter-Defendant to Seek the Court's Intervention in Resolving Discovery Disputes, filed September 22, 2010 (Doc. 55). The Court held a discovery conference on September 30, 2010.  On October 18, 2010, the Court issued a Memorandum Opinion and Order which, among other things, ordered the Defendants to produce a document "listing the names of the people who were peer reviewed and the general reasons for the peer review."  Memorandum Opinion and Order at 11, filed October 18, 2010 (Doc. 73).

On November 5, 2010, R. Bhandari filed his Motion to Compel.  See Motion to Compel (Doc. 83).  In his Motion to Compel, R. Bhandari asks the Court to order the Defendants to produce all materials listed as documents 1 through 35 in the privilege log prepared during C. Bhandari's case and to preclude the Defendants from asserting any attorney-client privilege objection. See Motion to Compel at 8.  R. Bhandari argues that the Defendants have not produced documents 1 through 35, and that the Defendants have waived their privilege objections by failing to object and provide a privilege log in this litigation.  See Motion to Compel at 2-4.  R. Bhandari also alleges that the Defendants have refused to describe the issues that led to peer review of other medical providers at AGH.  See id. at 5.  R. Bhandari requests sanctions, arguing that with regard to the peer review issue, the proper sanction is for the Court to order it established that the issues of patient care that the Defendants assert against R. Bhandari are the same issues that would have been subject to peer review at AGH.  See id. at 8.  R. Bhandari also requests attorneys' fees.  See id.

The Defendants responded, asking the Court to deny R. Bhandari's Motion to Compel.

See Defendants' Response to Plaintiff's Motion to Compel, filed November 19, 2010 (Doc. 86). The Defendants argue that the defense counsel in C. Bhandari's case generated a privilege log, that most of the materials listed in the privilege log have been produced in this litigation, and that the Court should deal with any remaining privilege issues through an in camera inspection. See Response at 3-4. The Defendants further argue that they have not waived the attorney-client privilege, because R. Bhandari has had the complete log from the C. Bhandari litigation from the inception of his lawsuit, and because R. Bhandari has not previously suggested that the privilege log from the C. Bhandari litigation would cease to exist in his litigation. See Response at 5-6. The Defendants further contend that R. Bhandari's requests for additional information regarding the peer reviews at AGH is baseless and moot, because the Court's previous Memorandum Opinion and Order did not require the Defendants to provide any specific level of detail for the general reasons for the peer review, and because the Defendants agreed to produce additional information before R. Bhandari filed his motion. See Response at 7.

R. Bhandari replied, contending that, in their Response, the Defendants "admit that they have withheld fourteen documents" that are listed in the privilege log prepared during the litigation involving C. Bhandari. Plaintiff's Reply in Support of Motion to Compel Production of Allegedly Privileged Materials and For Sanctions [Doc. 38] (Confidential -- Subject to Confidentiality Order and Filed Under Seal) at 5, filed December 6, 2010 (Doc. 99)("Reply"). R. Bhandari contends that, because the Defendants have waived any privilege or work production objection they might have held, the Court does not need undertake an in camera review of the documents at issue. See Reply at 7. R. Bhandari further states that, because the Defendants' actions "since the filing of the Motion [to Compel] have extended their abuse beyond pale," the Court should grant judgment in his favor on his claims against the Defendants. Reply at 10-11.

At the hearing, R. Bhandari stated that fourteen of the documents listed in the privilege log remain in dispute. Both parties represented that the Defendants are withholding three of the fourteen documents because they believe they are irrelevant to this matter, and that they are withholding eleven of the fourteen documents on grounds of work product or privilege. R. Bhandari asserted that the Defendants waived their privilege and work-product objections, but the Defendants asserted that they believed that the privilege that they asserted in C. Bhandari's litigation remained a valid privilege in this litigation. The Defendants stated that they did not believe that the fourteen documents had been produced in C. Bhandari's litigation. R. Bhandari also informed the Court that six of the descriptions of peer reviews were still in dispute.

## RELEVANT LAW REGARDING DISCOVERY

The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense," and information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). See Schlagenhauf v. Holder, 379 U.S. 104, 114-15 (1964)("The deposition-discovery rules are to be accorded a broad and liberal treatment."); Sanchez v. Matta, 229 F.R.D. 649, 654 (D.N.M. 2004)(Browning, J.)("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947). As a result, these rules "contemplate[ ] discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." Anaya v. CBS Broadcasting, Inc., 251 F.R.D. 645, 649-50 (D.N.M. 2007)(Browning, J.).

It is the burden of the party invoking the attorney-client privilege to establish the

applicability of that privilege, which is "narrowly construed."  Foster v. Hill, 188 F.3d 1259, 1264

(10th Cir. 1999).  It is therefore insufficient for a party to assert, without more, that documents

sought are privileged.  See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1276 n.6

(10th Cir. 1998).  The same rule is true for assertions that the work-product doctrine protects

documents.  See Desmare v. State of N.M., No. Civ. 07-199 JB/RHS, 2007 U.S. Dist. LEXIS 97074,

at * 11 (D.N.M. Aug. 10, 2007)(citing Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th

Cir. 1995)).

Rule 26(b)(5) requires that a party who withholds information on the grounds that it is

privileged or subject to protection as trial-preparation material must identify, in some detail, which

information is privileged and describe it in a way that allows the opposing party to ascertain the

applicability of the privilege.  See Fed. R. Civ. P. 26(b)(5).  It is "well settled that failure to produce

a privilege log . . . may be deemed waiver of the privilege."  Anaya v. CBS Broadcasting, Inc., 251

F.R.D. at 65 (citations omitted).  See 1993 Comm. Note to Rule 26(b)(5)(explaining that to withhold

material without providing the information required may be viewed as a waiver of the privilege or

protection).  Although "minor procedural violations, good faith attempts at compliance, and other

such mitigating circumstances bear against finding a waiver," the absence of evidence that the

violating party ever produced a privilege log may justify a waiver of the privilege.  See In re TJX

Cos., Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig., No. 07-1853, 2008 U.S. Dist.

LEXIS 46365, at *13-16 (D. Kan. June 12, 2008).

To assert the attorney-client privilege, a party must establish that a communication between

a lawyer and his client "relate[s] to legal advice or strategy sought by the client."  United States v.

Johnston, 146 F.3d 785, 794 (10th Cir. 1998).  Communications do not become privileged solely

because they involve an attorney.  See Motley v. Marathon Oil Co., 71 F.3d 1547, 1550-51 (10th

Cir. 1995).

The work-product doctrine is based on the recognition that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."  Hickman v. Taylor, 329 U.S. at 510.  "[T]he work product doctrine shelters the mental processes of the attorney, providing a privileged area within which an attorney can analyze and prepare his client's case."  Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs, 241 F. Supp. 2d 1342, 1358 (D.N.M. 2002)(citing United States v. Nobles, 422 U.S. 225, 238 (1975)).  For the work-product doctrine to apply, the asserting party must show that the documents or materials were prepared in anticipation of litigation by or for a party or that party's representative.  See Fed. R. Civ. P. 26(b)(3).

## ANALYSIS

The Court finds that the Defendants did not waive their objections under the attorney-client privilege or the work-product doctrine.  The Court orders the Defendants to investigate whether the fourteen documents at issue were produced in C. Bhandari's litigation.  If they were produced, the Defendants must produce them in this litigation.  If, after conducting an investigation, the Defendants find that they were not produced, the Defendants must submit an affidavit, along with the fourteen documents and an index of the people listed in the documents, to the Court.  The affidavit must state that the documents were not produced, and that the documents are protected by the attorney-client privilege or the work-product doctrine, or that they are not relevant.  The Defendants must submit the affidavit within ten business days of the hearing on December 17, 2010. The Court also orders the Defendants to provide R. Bhandari more information regarding several of the entries in the peer review log.  The Court will not, however, grant R. Bhandari's request for sanctions.

**I.      THE COURT FINDS THAT THE DEFENDANTS DID NOT WAIVE THEIR PRIVILEGE OBJECTIONS AND ORDERS THE DEFENDANTS TO CONDUCT AN INVESTIGATION, WHICH WILL DETERMINE WHETHER THEY MUST PRODUCE THE DOCUMENTS.**

R. Bhandari alleges that the Defendants have withheld fourteen documents, which are listed in the privilege log from C. Bhandari's litigation. See Reply at 5. R. Bhandari contends that the Defendants have waived their asserted work-product and privilege objections by failing to raise the objections in this litigation or to provide a privilege log in this litigation, and that the Court should compel the production of these documents. See Motion to Compel at 2-5.

The Defendants assert that they have not waived attorney-client privilege and work-product objections, because R. Bhandari had the complete privilege log from C. Bhandari's litigation from the inception of his lawsuit, because the parties "have agreed that [they] do not have to go back through the C[.] Bhandari [l]awsuit materials in this litigation," and because, before R. Bhandari filed his Motion to Compel, no one suggested that the privilege log from C. Bhandari's litigation would cease to exist in this litigation. See Response at 5-6. When the Defendants became aware that R. Bhandari was asserting that they waived their privilege, they "immediately produced the same privilege log [from the C. Bhandari litigation] in truncated form." Response at 6. The Defendants assert that this is not the usual waiver situation. See Response at 6.

The Court finds that the Defendants have not waived their privilege. Rule 26(b)(5) requires that a party who withholds information on the grounds that it is privileged or subject to protection as trial-preparation material must identify, in some detail, which information is privileged and describe it in a way that allows the opposing party to ascertain the applicability of the privilege. It is "well settled that failure to produce a privilege log . . . may be deemed waiver of the privilege." Anaya v. CBS Broadcasting, Inc., 251 F.R.D. at 651. Although "minor procedural violations, good

faith attempts at compliance, and other such mitigating circumstances bear against finding a waiver," the absence of evidence that the violating party ever produced a privilege log may justify a waiver of the privilege. See In re TJX Cos., Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig., 2008 U.S. Dist. LEXIS 46365, at *13-16. The Court finds that the Defendants have not waived their attorney-client privilege or work-product doctrine objections. The Court believes that the Defendants made a good faith effort at compliance by producing a privilege log from the C. Bhandari litigation at the inception of this litigation and by producing a shortened privilege log once R. Bhandari asserted his argument regarding waiver. Although the privilege log that the Defendants provided is from the litigation involving C. Bhandari, the Court is reluctant to find that the Defendants waived their privileges after they made a good-faith effort at compliance and when the discovery dispute is down to only a few documents.

To avoid producing the documents at issue, the Defendants have to establish the applicability of the attorney-client privilege and work-product doctrine. It is the burden of the party invoking the attorney-client privilege to establish the applicability of that privilege, which is "narrowly construed." Foster v. Hill, 188 F.3d at 1264. The same rule is true for assertions that the work-product doctrine protects documents. See Desmare v. State of N.M., 2007 U.S. Dist. LEXIS 97074, at * 11 (citing Resolution Trust Corp. v. Dabney, 73 F.3d at 266). The Defendants have asserted that they do not believe that defense counsel in the litigation involving C. Bhandari produced the fourteen documents that are currently at issue. The Court orders the Defendants to conduct a reasonable investigation in good faith to determine whether the fourteen documents were produced in the C. Bhandari litigation. If the Defendants find that the documents were not produced in that case, the Defendants must file an affidavit with the Court indicating that the fourteen documents were not produced, and that they are protected by the attorney-client privilege or work-

product doctrine, or that they are not relevant.  If the Defendants file an affidavit with the Court,

they must also provide to the Court the documents not produced, with an index of all the individuals

mentioned in the documents, so that the Court may make an informed decision whether the

documents are relevant, protected by the attorney-client privilege, or protected by the work-product

doctrine.  The Defendants must complete the investigation and, if necessary, file the affidavit, the

unproduced documents, and index within ten business days of the hearing on December 17, 2010.

If the Defendants do not file an affidavit within this time, the Court will assume that all or some of

the fourteen documents were produced in the prior litigation, and that the Defendants are no longer

asserting attorney-client privilege or work-product objections.  If the Defendants do not submit an

affidavit, they must produce the documents.

## II.     THE COURT ORDERS THE DEFENDANTS TO PROVIDE MORE INFORMATION REGARDING SEVERAL OF THE ENTRIES IN THE PEER-REVIEW LOG.

R. Bhandari  asserts that the peer-review log that the Defendants produced in response to the

Court's previous Memorandum Opinion and Order does not provide sufficient information on the

"types of complaints that led to peer review at AGH."  Motion to Compel at 5-6.  R. Bhandari

contends that the Defendants "refused to explain what they meant in four categories of peer review

and provided a meaningless response regarding two others."  Motion to Compel at 6.

The Defendants assert that the Court's order did not require them to provide any specific

level of detail regarding the peer reviews and that they agreed to produce the information that R.

Bhandari now seeks before he filed his Motion to Compel.  See Response at 7.

For the reasons set forth in this Memorandum Opinion and Order, and for the reasons stated

on the record at the hearing, the Court orders the Defendants to provide additional information

regarding several of the entries in the peer review log.

A.      OCTOBER 11, 2005 ENTRY TITLED "PATIENT/FAMILY COMPLAINT."

One of the entries in the peer review log, dated October 11, 2005, is titled "Patient/Family Complaint."  Letter from Adam E. Lyons to Paul J. Brown at 2 (dated October 27, 2010), filed November 5, 2010 (Doc. 83-6)("Letter").  R. Bhandari asked the Defendants to identify the nature of the complaint.  See Letter at 2.  The Defendants responded, stating: "Upon receipt of any patient complaint, AGH has to issue a response within seven days.  To the extent that the patient complaint concerns medical care or a medical provided, the peer review committee will investigate."  Electronic Mail Transmission from Paul J. Brown to Adam E. Lyons at 2 (dated November 16, 2010), filed November 19, 2010 (Doc. 86-11)("Electronic Mail Transmission").  R. Bhandari did not believe that this response provided sufficient clarity.  At the hearing, the Defendants stated that a patient/family complaint includes any patient or family complaint, such as a patient or family complaint about the waiting time, or a patient or family complaint that the patient received inadequate care.  R. Bhandari stated that the Defendants' explanation at the hearing was satisfactory and that he did not need further information.  The Court will therefore deny R. Bhandari's request that it order the Defendants to further explain what "Patient/Family Complaint" means.

B.      JANUARY 21, 2009 ENTRY TITLED "INAPPROPRIATE PATIENT TRANSFER" AND JUNE 16, 2010 ENTRY TITLED "POTENTIAL INAPPROPRIATE DISPOSITION."

The peer-review log contains an entry from January 21, 2009 titled "Inappropriate patient transfer" and an entry from June 16, 2010 titled "Potential inappropriate disposition."  Letter at 3.  R. Bhandari asked the Defendants to clarify these entries.  In regards to the entry titled "Inappropriate patient transfer," the Defendants stated: "This review occurs for every alleged violation of EMTALA.  For each violation, the peer review committee will investigate." Electronic Mail Transmission at 2.  In regards to the entry titled "Potential inappropriate disposition," the

Defendants stated: "This review occurs when there are non-EMTALA transfer-related issues (both within AGH and to the AGH from third-party facilities)." Electronic Mail Transmission at 3. At the hearing, R. Bhandari stated that he was still unsure what these entries meant. The Defendants stated that the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), requires a hospital to stabilize a patient regardless of payer status before transferring the patient to another hospital. An inappropriate patient transfer relates to situations when there is an alleged violation of EMTALA. The term "potential inappropriate disposition" encompasses any other transfer-related issue that does not fall within EMTALA. The term "potential inappropriate disposition" is a catch-all term. The Defendants stated that they were not indicating that AGH has a general policy that, any time there is an issue relating to transfer, the issue will go to peer review. The Defendants stated that some transfer-related issues go unreported and that these terms are descriptions of actual peer-review complaints, but not a peer-review policy or a hospital policy. R. Bhandari stated that he was satisfied with the Defendants' statement at the hearing, which clarified that the terms "inappropriate patient transfer" and "potential inappropriate disposition" are broad enough to cover any inappropriate transfer, but that the terms do not describe a peer-review policy or a hospital policy.

### C.      MARCH 18, 2009 ENTRY TITLED "OTHER CASE REVIEW."

The peer review log contains an entry, dated March 18, 2009, titled "Other case review." Letter at 3. R. Bhandari seeks clarification what the Defendants mean by this entry. At the time of the hearing, the Defendants had not yet clarified the entry. At the hearing, the Defendants stated that R. Bhandari did not seek clarification of this entry in his original letter, but that they could send R. Bhandari a letter clarifying this entry. The Court will order the Defendants to send a letter to R. Bhandari clarifying what they mean by the March 18, 2009 entry titled "Other case review." If

R. Bhandari does not believe that the letter sufficiently clarifies the entry, and if the parties cannot resolve the dispute amongst themselves, they may seek further intervention from the Court.

**D.      AUGUST 9, 2005 AND SEPTEMBER 13, 2005 ENTRIES TITLED "REFERRED FOR REVIEW."**

The peer-review log contains two entries, dated August 9, 2005 and September 13, 2005, which are titled "Referred for review."  Letter at 2.  R. Bhandari sought clarification regarding the entries.  See Letter at 2.  The Defendants stated:

> These cases are referred for review based on input from multiple avenues.  Nursing may question some part of the care, or another provider may think that something was done incorrectly or could have been done differently.  Just because the peer review committee looks at a case does not mean there was anything abnormal about the care.

Electronic Mail Transmission at 2.

At the hearing, R. Bhandari stated that he wants a more specific description of what the entries describe and whether there are any other entries titled "referred for review."  The Court orders the Defendants to provide a more specific description, in two or three sentences, of what occurred regarding the two entries.[1]  For example, if, on August 9, 2005, a nurse questioned treatment, the Defendants should identify the entry as a situation where the nurse questioned some part of the case.  Or, if the September 13, 2005 entry involves another provider questioning provision of medical care, the Defendants should identify and briefly explain the situation.  The Court also orders the Defendants to look at the spreadsheet that they have created for the peer-review log and, if there are any other entries characterized as referred for review, to provide information regarding those entries to R. Bhandari .

---

[1] The parties both represented that they agreed with the Court ordering the Defendants to provide a more specific description regarding the two entries.

-13-

**E.      MAY 9, 2008 ENTRY TITLED "COMPLAINTS/ISSUES/OTHER."**

The peer-review log contains an entry, dated May 9, 2008, titled "Complaints/Issues/Other."

Letter at 2.  R. Bhandari asked the Defendants to clarify what they meant by the entry.  See Letter

at 2.  The Defendants stated: "This comes from AGH's grievance filings.  For example, if there is

a patient grievance that involves a provider, the peer review committee will review the case."

Electronic Mail Transmission at 3.  At the hearing, R. Bhandari  stated he wants more specific

information.   The Court orders the Defendants to provide R. Bhandari with a more specific

description, in two to three sentences, of what occurred regarding the entry of May 9, 2008.[2]

**III.     THE COURT WILL NOT SANCTION THE DEFENDANTS.**

In his Motion to Compel, R. Bhandari asks the Court to order it established that the issues

of patient care that the Defendants assert against R. Bhandari are the same issues that would have

been subject to peer review at AGH.  See Motion to Compel at 8.  Furthermore, R. Bhandari asks

for attorneys' fees and a monetary sanction.  See id.  In his Reply, R. Bhandari alleges that the

Defendants actions since he filed the Motion to Compel "have extended their abuse beyond the pale"

and asks the Court to grant judgment in his favor on his claims against the Defendants.  Reply at 10-

11.

The Defendants oppose R. Bhandari's sanctions request.  The Defendants assert that the

Court should not sanction them, as they have acted with due diligence.  See Response at 7.  At the

hearing, the Defendants said that they have not acted in bad faith.

Rule 37(b) authorizes the imposition of sanctions for not obeying discovery orders.  "As a

general rule, the imposition of sanctions for an abuse of discovery under Fed. R. Civ. P. 37 is a

---

[2] All parties represented that they agreed with the Court ordering the Defendants to provide a more specific description regarding the May 9, 2008 entry.

matter within the discretion of the trial court." Stranger v. Checker Auto Parts, No. CV 05-632, 2006 WL 1304948, at * 12 (D.N.M. March 24, 2006) (Browning, J.)(quoting Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir.1999)). "Bad faith . . . is not required for a district court to sanction a party for discovery abuses. Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant." Stranger v. Checker Auto Parts, 2006 WL 1304948, at * 12 (quoting Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 671 (7th Cir. 1996) (citation omitted)). "District courts . . . may only impose sanctions that are 'just,' that is, proportionate to the circumstances surrounding a party's failure to comply with discovery rules." Stranger v. Checker Auto Parts, 2006 WL 1304948, at * 12 (quoting Melendez v. Illinois Bell Tel. Co., 79 F.3d at 672 (citation omitted)). The Court will not sanction the Defendants. Although the parties have had several discovery disputes, some of the issues in the disputes appear to be the result of misunderstandings or mis-communications. The Court does not believe that the Defendants have acted with sufficient bad faith or willfulness to merit sanctions.

**IT IS ORDERED** that the Plaintiff's Motion to Compel Production of Allegedly Privileged Materials and for Sanctions (Confidential -- Subject to Confidentiality Order; Filed Under Seal), filed November 5, 2010 (Doc. 83), is granted in part and denied in part. The Court finds that the Defendants have not waived their objections regarding attorney-client privilege and work-product doctrine, and the Court orders the Defendants to conduct an investigation, which will determine whether they must produce the fourteen documents at issue. The Court orders the Defendants to provide R. Bhandari more information regarding several entries in the peer-review log, as set forth in this Memorandum Opinion and Order. The Court will not issue sanctions against the Defendants.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory L. Denes
Juno Beach, Florida

-- and --

Michelle L. Gomez
Brownstein Hyatt Farber Schreck, LLP
Denver, Colorado

-- and --

Eric R. Burris
Adam E. Lyons
Brownstein Hyatt Farber Schreck, P.C.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Matthew P. Holt
Blaine T. Mynatt
Brad Springer
Holt, Babington & Mynatt
Las Cruces, New Mexico

      *Attorneys for Counter Defendant*

William C. Madison
Madison, Harbour & Mroz, P.A.
Albuquerque, New Mexico

-- and --

Mary Olga-Lovett
Paul J. Brown
Greenberg Traurig, LLP
Houston, Texas

*Attorneys for the Defendants*