IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMDAS BHANDARI, M.D.,

       Plaintiff/Counterdefendant,

vs.                                                                                   No. CIV 09-0932 JB/GBW

VHA SOUTHWEST COMMUNITY
HEALTH CORPORATION d/b/a
COMMUNITY HOSPITAL CORPORATION
and ARTESIA GENERAL HOSPITAL,

       Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Extend the Discovery Deadline, filed December 23, 2010 (Doc. 107)("Motion to Extend").  The Court held a hearing on January 21, 2011.  The primary issue is whether the Court will extend the discovery deadline to allow the Defendants to seek Dr. Chitra Bhandari's deposition.  The Court will deny the Defendants' Motion to Extend, but, because Plaintiff Ramdas Bhandari, M.D., has represented that he will make C. Bhandari available for deposition after the discovery deadline on certain terms, the Defendants may take C. Bhandari's deposition on the terms R. Bhandari has proposed.

## FACTUAL BACKGROUND

R. Bhandari is an orthopedic surgeon who has sued the Defendants for fraudulent and/or negligent misrepresentation, constructive fraud, breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, defamation, false light invasion of privacy, and intentional infliction of emotional distress.  See Second Amended Complaint for Fraudulent and/or Negligent Misrepresentation; Constructive Fraud; Breach of Contract; Breach of the Implied

Covenant of Good Faith and Fair Dealing; Wrongful Discharge in Violation of Public Policy; Outrageous Conduct; Defamation; False Light Invasion of Privacy; and Intentional Infliction of Emotional Distress, filed July 12, 2010 (Doc. 35)("SAC").  R. Bhandari alleges that he relied on the Defendants' representations in entering into an employment agreement to become a physician at Artesia General Hospital ("AGH") in Artesia, New Mexico.  See SAC ¶ 19, at 8.  R. Bhandari contends that, in September 2006, the Defendants acted to unlawfully terminate his practice of medicine and breach the terms of the employment agreement.  See SAC ¶ 25, at 9.

## PROCEDURAL BACKGROUND

On July 12, 2010, R. Bhandari filed his SAC.  On July 27, 2010, the Defendants filed their First Amended Answer and Counterclaim, alleging causes of action for breach of contract, conversion/theft, defamation, and fraud.  See Defendants' First Amended Answer and Counterclaim at Counts I, II, III, and IV, filed July 27, 2010 (Doc. 44).

On December 23, 2010, the Defendants filed their Motion to Extend.  In their motion, the Defendants ask the Court to order R. Bhandari to extend the discovery deadline so that they may take C. Bhandari's deposition.  See Motion to Extend at 2.

R. Bhandari responded on January 10, 2011.  See Plaintiff's Response to Defendants' Motion to Extend Discovery Deadline [Doc. 107] Filed December 23, 2010, filed January 10, 2011 ("Response").  R. Bhandari does not object to the Defendants taking C. Bhandari's deposition after the close of discovery, but sets forth certain terms under which he will allow the deposition to occur. See Response at 1-2.

## ANALYSIS

The Defendants allege that they have asked for dates for C. Bhandari's deposition since November 2010, that the parties scheduled seven other depositions, in a variety of locations, in

December 2010, and that R. Bhandari's counsel offered only one date, December 23, 2010, on which C. Bhandari was available for deposition. The Defendants allege that counsel for the Defendants were not available on December 23, 2010. The Defendants ask the Court to modify its existing scheduling order, and to extend the discovery deadline to permit the Defendants to depose C. Bhandari on or before January 21, 2011.

R. Bhandari states that the only discussion the parties had regarding C. Bhandari's deposition was whether it could occur in Albuquerque, New Mexico on December 23, 2010. Because R. Bhandari never heard a request for an alternative date, the Bhandaris made plans to travel to Albuquerque on that date. Several days before December 23, 2010, the Bhandaris learned that the Defendants' counsel was not available on December 23, 2010. R. Bhandari does not raise any objection to the Defendants deposing C. Bhandari after the close of discovery, as long as the Defendants will reimburse the Bhandaris if their plane tickets and hotel reservations for the new deposition date are more expensive than they were for the December 23, 2010 deposition.

The Court believes that R. Bhandari has been cooperative in providing dates and times on which the Defendants can depose C. Bhandari. Even if the date that R. Bhandari made C. Bhandari available for deposition was inconvenient, such inconvenience is the life of a litigator. The Court believes that the Defendants had a duty to be more diligent in setting C. Bhandari's deposition, ensuring that counsel was available on December 23, 2010, or moving C. Bhandari's deposition to a date on which counsel was available. The Court must assign somewhere the blame for not getting this deposition set up before the discovery deadline passed and fault, if any, lies with the Defendants for the lack of diligence in getting the deposition set and firmed up. The Defendants have not shown good cause to extend the deadline or even much prejudice. For these reasons, and for the reasons stated on the record at the hearing, the Court will deny the Defendants' request that it extend the

-3-

discovery deadline.  Although the Court will not grant the Defendants' request that it extend the discovery deadline, R. Bhandari has represented that he does not object to the Defendants deposing C. Bhandari after the close of discovery, as long as the Defendants reimburse the Bhandaris for the difference, if any, between the cost of traveling to Albuquerque for the new deposition date and the cost of traveling to Albuquerque for the December 23, 2010 deposition.  The Court believes that this is a reasonable offer.  The Defendants can either forgo taking C. Bhandari's deposition, or they can take her deposition on the terms that R. Bhandari has proposed.

**IT IS ORDERED** that the Defendants' Motion to Extend the Discovery Deadline, filed December 23, 2010 (Doc. 107) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory L. Denes
Juno Beach, Florida

-- and --

Michelle L. Gomez
Brownstein Hyatt Farber Schreck, LLP
Denver, Colorado

-- and --

Eric R. Burris
Adam E. Lyons
Brownstein Hyatt Farber Schreck, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Matthew P. Holt
Blaine T. Mynatt
Brad Springer
Holt, Babington & Mynatt
Las Cruces, New Mexico

     *Attorneys for Counter Defendant*

William C. Madison
Madison, Harbour & Mroz, P.A.
Albuquerque, New Mexico

-- and --

Mary Olga-Lovett
Paul J. Brown
Greenberg Traurig, LLP
Houston, Texas

     *Attorneys for the Defendants*