# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAMDAS BHANDARI, M.D.,

       Plaintiff/Counterdefendant,

vs.                                     No. CIV 09-0932 JB/GBW

VHA SOUTHWEST COMMUNITY
HEALTH CORPORATION d/b/a
COMMUNITY HOSPITAL CORPORATION
and ARTESIA GENERAL HOSPITAL,

       Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Compel Answers to Deposition Questions and for Sanctions for Discovery Abuse, filed December 16, 2010 (Doc. 105)("Motion to Compel"). The Court held a hearing on January 21, 2011. The primary issues are: (i) whether the Court should compel the Defendants to reconvene Kenneth Randall's[1] deposition; (ii) whether the Court should order the Defendants to produce documents that were in Shelly Choate's[2] files; (iii) whether the Court should order the Defendants to amend their answers to interrogatories regarding the people who prepared several documents produced in discovery; and (iv) whether the Court should sanction the Defendants by ordering their liability established in this matter. The Court will order the limited re-deposition of Randall, because it appears that the instructions regarding attorney-client privilege that the Defendants' counsel gave Randall during his

---

[1] Randall is an employee of Defendant Community Hospital Corporation and the Chief Executive Officer of Defendant Artesia General Hospital ("AGH"). See Deposition of Kenneth Randall at 6:21-7:2 (taken December 7, 2010), filed December 30, 2010 (Doc. 108-1).

[2] Choate is a managerial employee at AGH. See Deposition of Shelly Choate at 12:20-13:5 (taken December 7, 2010), filed December 16, 2010 (Doc. 105-1).

deposition may have interfered with Plaintiff Ramdas Bhandari obtaining non-privileged information.  The Court will order the Defendants to make a log of the documents in Choate's accordion file that they have not produced and provide that log to R. Bhandari.  The Court will order the Defendants to amend their answers to interrogatories to correct any incorrect responses regarding who prepared the consultation list and the surgery list.  The Court will not order the Defendants' liability established, but it will award R. Bhandari's counsel two-thirds of their fees and costs incurred in preparing this motion.

## FACTUAL BACKGROUND

R. Bhandari is an orthopedic surgeon who has sued the Defendants for fraudulent and/or negligent misrepresentation, constructive fraud, breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, defamation, false light invasion of privacy, and intentional infliction of emotional distress.  See Second Amended Complaint for Fraudulent and/or Negligent Misrepresentation; Constructive Fraud; Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Wrongful Discharge in Violation of Public Policy; Outrageous Conduct; Defamation; False Light Invasion of Privacy; and Intentional Infliction of Emotional Distress, filed July 12, 2010 (Doc. 35)("SAC").  R. Bhandari alleges that he relied on the Defendants' representations in entering into an employment agreement to become a physician at Artesia General Hospital ("AGH"), in Artesia, New Mexico.  See SAC ¶ 19, at 8.  R. Bhandari contends that, in September 2006, the Defendants acted to unlawfully terminate his practice of medicine and breach the terms of the employment agreement.  See SAC ¶ 25, at 9.

## PROCEDURAL BACKGROUND

On July 12, 2010, R. Bhandari filed his SAC.  On July 27, 2010, the Defendants filed their First Amended Answer and Counterclaim, alleging causes of action for breach of contract,

conversion/theft, defamation, and fraud. See Defendants' First Amended Answer and Counterclaim at Counts I, II, III, and IV, filed July 27, 2010 (Doc. 44).

The parties have had several discovery disputes. See Unopposed Motion of Plaintiffs to Extend Deadline for Plaintiff/Counter-Defendant to Seek the Court's Intervention in Resolving Discovery Disputes, filed September 22, 2010 (Doc. 55); Clerk's Minutes for Discovery Hearing on September 30, 2010, filed September 30, 2010 (Doc. 61); Clerk's Minutes for Discovery Hearing on October 13, 2010, filed October 13, 2010 (Doc. 70); Plaintiff's Motion to Compel Production of Allegedly Privileged Materials and for Sanctions (Confidential -- Subject to Confidentiality order; Filed Under Seal), filed November 5, 2010 (Doc. 83); Clerk's Minutes for Discovery Hearing on December 17, 2010, filed December 17, 2010 (Doc. 128). On December 16, 2010, R. Bhandari filed his Motion to Compel. In his Motion to Compel, R. Bhandari contends that, in Randall's deposition, the Defendants repeatedly asserted the attorney-client privilege, preventing Randall from answering questions. See Motion to Compel at 2. R. Bhandari asserts that these objections were substantively improper, because the questions did not require the disclosure of legal advice, and that they were procedurally improper, because the Defendants have taken no steps to preserve the privilege in this litigation. See Motion to Compel at 3-4. R. Bhandari also alleges that, during her deposition, Choate revealed a new set of documents which the Defendants have not produced. See Motion to Compel at 5. R. Bhandari further alleges that the depositions revealed that some of the Defendants' answers to interrogatories were incorrect. See Motion to Compel at 8. R. Bhandari asks the Court to sanction the Defendants for their discovery abuse by ordering "that [the] Defendants' liability is established in this matter." Motion to Compel at 10.

On December 30, 2010, the Defendants filed their Response to Plaintiff's Motion to Compel. See Doc. 109 ("Response"). The Defendants argue that the Court should strike R. Bhandari's

motion, because R. Bhandari failed to confer with the Defendants on the issues raised in the motion, failed to address the proper legal standard for imposing the kind of sanctions he asks for, and did not propose any discovery solutions.[3] See Response at 2. The Defendants further argue that their counsel properly sought to protect the attorney-client privilege, that they have not wrongfully withheld documents, and that R. Bhandari's argument regarding their interrogatory answers is premature and not appropriate for a motion for sanctions. See Response at 4, 8, 12.

## ANALYSIS

The Court will order the limited re-deposition of Randall, because it appears that the instructions regarding attorney-client privilege that Defendants' counsel gave Randall during his deposition may have interfered with R. Bhandari obtaining non-privileged information. The Court will order the Defendants to make a log of the documents in Choate's file that they have not produced. If R. Bhandari believes that he is entitled to documents in the log, the parties should attempt to come to an agreement regarding the documents. If the parties cannot come to an agreement, they may ask the Court for help resolving the dispute. The Court will also order the Defendants to amend their answers to interrogatories to correct any incorrect responses regarding who prepared the consultation list and the surgery list. The Court will award R. Bhandari's counsel two-thirds of their fees and costs incurred in preparing this motion.

---

[3] The Court will not strike R. Bhandari's Motion to Compel. At the hearing, neither party submitted arguments on this issue. Given that the parties have now had a full opportunity to argue on R. Bhandari's Motion to Compel, the Court sees no sound reason to strike it. Also, the Court does not generally strike motions. See Lane v. Page, No. CIV 06-1071 JB/ACT, 2010 WL 2854481, at *7 (D.N.M. June 08, 2010)(Browning, J.)("Moreover, [o]nly material included in a pleading may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." (alteration in original)(internal quotation marks omitted)(quoting Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan for Employees, No. 08-CV-0563-WYDKMT, 2009 WL 521048, at *1 (D. Colo. Dec. 23, 2009)).

## I.   __THE COURT WILL ORDER THE LIMITED RE-DEPOSITION OF RANDALL__.

R. Bhandari alleges that, during Randall's deposition, the Defendants repeatedly asserted the attorney-client privilege, preventing him from answering R. Bhandari's questions. R. Bhandari asserts that these objections were substantively improper because the questions did not require the disclosure of legal advice. R. Bhandari also asserts that the objections were procedurally improper, because the Defendants have taken no steps to preserve the attorney-client privilege in this litigation.

The Defendants contend that the parties have discussed the issue of privilege in previous motions and that the Court has previously ruled that the Defendants have not waived the attorney-client privilege. The Defendants contend that R. Bhandari was therefore aware that the Defendants would continue to assert those privileges in the lawsuit. The Defendants assert that the document about which they asserted attorney-client privilege -- a talking points memorandum[4] -- is a protected communication between counsel and client, as shown through Defendant VHA Southwest Community Health Corporation d/b/a Community Health Corporation in-house counsel David Butler's testimony that he prepared the document to provide legal advice to Randall. The Defendants further contend that they properly preserved the attorney-client privilege by allowing Randall to review the document, but instructing him to not talk about the contents of the document.

At the hearing, in response to the Court's question regarding what remedy he was seeking, R. Bhandari stated that he was seeking to reconvene Randall's deposition, so that he could ask Randall further questions to address specific portions of the talking points memorandum. He asserted that he was unable to obtain answers regarding how Randall handled the meeting and how the meeting comported with what is set forth in the talking points memorandum. R. Bhandari

---

[4] The talking points memorandum set forth talking points for R. Bhandari's termination interview. See Talking Points Memorandum, filed December 30, 2010 (Doc. 109-4).

represented that, if the Court allowed the parties to reconvene the deposition, Randall would be able to answer questions that R. Bhandari will set forth without disclosing the contents of conversations he had with counsel. The Defendants asserted that in-house counsel prepared the talking points memorandum to guide the meeting. The Defendants stated that R. Bhandari could have asked questions such as did you do this, did you discuss this, using the talking points memorandum to see if Randall complied with the instructions in the memorandum.

Based on the Court's review of the portions of Randall's deposition that the parties have provided to the Court, R. Bhandari asked Randall several questions that Randall could have answered without disclosing information protected by the attorney-client privilege. For example, R. Bhandari's counsel asked Randall: "When did you know you were going to meet with Dr. Bhandari?" Randall Depo. at 225:10-11. Randall could have answered this question without disclosing attorney-client privileged information. It appears that the instructions that the Defendants' counsel -- Paul Brown -- gave Randall during his deposition, telling Randall not to disclose conversations that he had with counsel, may have interfered with R. Bhandari obtaining non-privileged information. In other depositions, the Defendants' other counsel -- Mary-Olga Lovett -- used a method in which counsel allowed R. Bhandari to ask the witness whether they did such and such, or discussed such and such, to determine whether the witness complied with the talking points memorandum. It appears that this later method was successful in getting the information R. Bhandari seeks and arguably preserving the privilege, and neither party objects to use of this method. R. Bhandari may ask limited questions to obtain non-privileged information relating to the talking points memorandum. The Court will therefore order the parties to reconvene Randall's deposition in Albuquerque, New Mexico in this limited style, using the method set forth at the hearing and in this Memorandum Opinion and Order. Ms. Lovett should defend the re-

deposition.  At the hearing, both parties represented that they agreed with this ruling.

## II.   THE COURT WILL ORDER THE DEFENDANTS TO PRODUCE A LOG OF THE DOCUMENTS IN CHOATE'S FILE THAT THEY HAVE NOT PRODUCED.

R. Bhandari argues that, during her deposition, Choate testified that she had an accordion file of documents she "had set aside as being relevant to this matter."  Motion to Compel at 5.  R. Bhandari contends that he asked to inspect Choate's file and that the Defendants stated that they would produce the non-privileged documents.  R. Bhandari argues that, after reviewing the file, the Defendants presented a small folder containing documents relating to R. Bhandari, asserting that two-thirds of the material was not relevant to this litigation and that they would not produce that material.

The Defendants contend that the accordion file contained Choate's personal copies of various documents regarding R. Bhandari, Chitra Bhandari, and Becky Duplechain, another former AGH employee.  The Defendants contend that R. Bhandari never requested production of these documents and that the Defendants' counsel learned of the accordion file for the first time at Choate's deposition.  The Defendants further contend that, although R. Bhandari had opportunity to ask Choate and Randall about these documents, he chose not to do so.  The Defendants further contend that the remaining materials in Choate's file are not relevant to this litigation.

At the hearing, R. Bhandari stated that the Defendants did not give him the small stack of documents until after Choate's deposition was closed, so he did not have the documents with which to question her during her deposition.  R. Bhandari asserted that there are documents in the small stack about which he would like to ask Choate.  The Defendants stated that Choate's deposition ended before the lunch hour, that they produced the documents on break, and that R. Bhandari did not ask to reconvene Choate's deposition.

-7-

The Court will allow R. Bhandari the opportunity to ask Choate questions regarding the documents in the stack, because the Defendants did not produce the documents until after the deposition was over.  Before the parties reconvene Choate's deposition, the Defendants must make a log of the documents in Choate's file that they have not produced and provide that log to R. Bhandari.  If, in creating the log, the Defendants decide that some of the documents need to be placed in their privilege log, they must place them in the privilege log.  If the Defendants conclude that some of the withheld documents are relevant or are not worth fighting over, they should produce them.  And if R. Bhandari sees a document in the log to which he believes he is entitled, and the parties cannot come to an agreement regarding that document, they can ask the Court for assistance in resolving the issue.

## III.   THE   COURT   ORDERS   THE   DEFENDANTS   TO   AMEND   THEIR INTERROGATORY RESPONSES.

R. Bhandari asserts that, in their amended answers to several interrogatories, the Defendants identified several people who allegedly prepared three documents: (i) handwritten notes of doctor comments; (ii) a list of patients for whom R. Bhandari allegedly could have provided care; and (iii) a listing of surgeries R. Bhandari performed.  R. Bhandari states that, during depositions, it became clear that this information might be incorrect.

The Defendants assert that there are only two documents whose authorship is at issue: (i) the consultation list; and (ii) the surgery list.  The Defendants further assert that, with respect to those two documents, R. Bhandari's motion is premature, because the witnesses have not yet had time to review their deposition testimony to explain any apparent inconsistencies.  The Defendants state that, to the extent that the interrogatory responses are incorrect, they will be amended.

The Court will order the Defendants to amend their answers to interrogatories within ten

days of the date of the hearing to correct any incorrect responses regarding who prepared the consultation list and the surgery list.  At the hearing, both parties represented that this ruling was appropriate.

## IV.   THE COURT WILL AWARD R. BHANDARI'S COUNSEL TWO-THIRDS OF THEIR FEES AND COSTS INCURRED IN PREPARING THE MOTION TO COMPEL.

R. Bhandari asks the Court to sanction the Defendants for their discovery abuses by ordering their liability established in the matter.  The Defendants contend that sanctions are not appropriate.

The Court does not believe an overarching, blanket characterization of the Defendants' discovery conduct as done in bad faith is appropriate.  Discovery has been difficult, but the Court is not, on the limited, disputed record before it, in a position to declare the Defendants the bad guys. Accordingly, it follows that the Court does not believe that an order establishing the Defendants' liability in this matter is warranted.  The Court does not believe that the Defendants have acted in such bad faith to warrant establishing their liability.

On the other hand, the Court believes that the Defendants could have done more to resolve the discovery disputes which the Court has had to resolve on the motion in which R. Bhandari has sought judicial relief.  Although R. Bhandari did not request fees and costs as a sanction, the Court will sanction the Defendants in the form of awarding R. Bhandari part of the fees and costs that his counsel incurred in preparing this motion.  Because the Court will grant in part and deny in part R. Bhandari's Motion to Compel, the Court does not believe that it should award R. Bhandari's counsel all of the fees and costs they incurred in preparing the motion and attending the hearing on the motion.  Although R. Bhandari's request for relief in his Motion to Compel was amorphous, R. Bhandari apparently made three requests for relief: (i) that the Court re-convene Randall's deposition and allow R. Bhandari to ask Randall questions regarding the talking points

memorandum; (ii) that the Court order the Defendants to produce the documents in Choate's file; and (iii) that the Court sanction the Defendants by establishing their liability.  R. Bhandari also raised the issue of the Defendants' answers to interrogatories without setting forth a specific request for relief.  The Court denied R. Bhandari's request that it establish the Defendants' liability, but it granted in part R. Bhandari's other requests for relief.  It also ordered the Defendants to amend their answers to interrogatories.  The Court believes that a figure of two-thirds most closely approximates the percentage of R. Bhandari's requests for relief it granted.  The Court will therefore award R. Bhandari's counsel two-thirds of their fees and costs, which they incurred preparing and presenting the Motion to Compel.

R. Bhandari should prepare an affidavit setting forth the fees and costs incurred in preparing the motion, and the attorneys fees and costs incurred in attending that portion of the hearing dealing with the motion.  The affidavit should attach the redacted attorneys' time sheets.  R. Bhandari should send this affidavit to the Defendants within ten days of the entry of this Memorandum Opinion and Order.  R. Bhandari should send the affidavit first to the Defendants.  If the parties cannot agree on an amount that the Defendants owe R. Bhandari, R. Bhandari may seek the Court's help in resolving the dispute.

**IT IS ORDERED** that the Plaintiff's Motion to Compel Answers to Deposition Questions and for Sanctions for Discovery Abuse, filed December 16, 2010 (Doc. 105), is granted in part and denied in part in accordance with this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory L. Denes
Juno Beach, Florida

-- and --

Michelle L. Gomez
Brownstein Hyatt Farber Schreck, LLP
Denver, Colorado

-- and --

Eric R. Burris
Adam E. Lyons
Brownstein Hyatt Farber Schreck, P.C.
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Matthew P. Holt
Blaine T. Mynatt
Brad Springer
Holt, Babington & Mynatt
Las Cruces, New Mexico

     *Attorneys for Counter Defendant*

William C. Madison
Madison, Harbour & Mroz, P.A.
Albuquerque, New Mexico

-- and --

Mary Olga-Lovett
Paul J. Brown
Greenberg Traurig, LLP
Houston, Texas

     *Attorneys for the Defendants*